This is an appeal from a judgment entered in a declaratory judgment action.
The single issue presented is whether a contractual undertaking to indemnify another requires that notice of a claim and notice of suit be given to the indemnifying party within a reasonable time where the contract is silent in this regard, and, if so, whether it was given in this case.
The material facts as found by the trial court follow:
Cochrane Roofing and Metal Co., Inc. (subcontractor), sought a declaratory judgment against Steven M. Priola, d/b/a Mark Construction Co., Inc. (contractor), H.S. Callahan (owner), and other defendants.
The contractor built a warehouse complex for the owner in 1970-71. The subcontractor by written contract agreed to furnish the materials and labor to install a twenty-year bond type built up roof. The subcontract contained the following indemnity provision:
 "Indemnity Agreement: The Subcontractor covenants to indemnify and save harmless and exonerate the Contractor and the Owner of and from all liability, claims and demands for bodily injury and property damage arising out of the work undertaken by the Subcontractor, its Employees, Agents or its subcontractors, and arising out of any other operation no matter by whom performed for and on behalf of the subcontractor, whether or not due in whole or in part to conditions, acts, or omissions done or permitted by the Contractor or owner."
The subcontractor completed the roofing work under the contract in or about July 1971. Thereafter, between 1971 and 1973, under its two-year warranty, the subcontractor responded to complaints by the owner concerning the roof three or four times, at the request of the contractor. The contractor no longer called upon the subcontractor thereafter.
On July 21, 1980, the contractor telephoned W.M. Cochrane, president of Cochrane Roofing. Mr. Cochrane made a memorandum of the case, which was admitted in evidence. The subject matter of the conversation was the roof which Cochrane had completed nine years before:
 "July 21, 1980, Steve Priola (Mark Const.) 324-6531. Called to say that he had been called by his bonding company. They said he was being sued by Finch Warehouse for one million dollars plus a hundred and fifty thousand dollars. They are claiming fraud, claiming that the roof was not a 20-year roof and was not installed properly.
 "Steve said he had been out several years ago to inspect the roof and found that some roof work was in progress. He said pouring tar over the gravel. He said he told whoever he was with that they should have called Cochrane Roofing — see M.C., (it says, I assume that means Cochrane Roofing) if they were having problems. Steve said he had not received anything formal about a suit, but that he would forward whatever he got.
 "He also asked that I go out and look at the roof. I said I would try to go out tomorrow. (22 July/Tuesday)"
It is undisputed that this conversation took place before the contractor was served with a complaint in a lawsuit filed against *Page 1007 
it by Callahan and others, the owners of the warehouse complex. That lawsuit was filed on July 9, 1980, against the contractor, USF G (as surety on its construction bond), and two architects, claiming damages for breach of contract. The suit alleged that the roof of the building was improperly constructed. The contractor was served with the complaint on August 21, 1980.
Over two years later, on November 4, 1982, the attorney for the contractor, by letter, demanded that the subcontractor indemnify the contractor against any loss and assume the defense of the litigation, although the contractor had retained two separate law firms to represent it and had regularly paid bills submitted by those firms.
The subcontractor then filed this action for declaratory judgment, contending that it had no obligation to indemnify the contractor because the contractor had not given it notice of the suit in a timely manner, and contending that laches prevented the contractor from prevailing under the indemnity agreement. Alternatively, the subcontractor contended that the contractor had waived its rights under the indemnity provision of the contract by not notifying the subcontractor and by assuming the defense of the litigation and not forwarding a copy of the complaint to the subcontractor until more than two years had passed and the roof, the subject of the suit, had been re-covered by another contractor, preventing the subcontractor from investigating the problem.
The trial court held that even though the contractor never provided the subcontractor with a copy of the complaint until the letter of November 4, 1982, the indemnity provision required the subcontractor to assume defense of the litigation and to indemnify and save harmless the contractor. Because this holding is contrary to the law applicable to these facts, we reverse and remand.
Although the contract here does not contain a specific requirement that the contractor give notice to the subcontractor of a suit which the subcontractor agrees to defend and as to which the subcontractor agrees to save harmless the contractor, it goes without saying that notice is a prerequisite to performance by the subcontractor. The law implies an obligation on each party to a contract to allow the opposite party all reasonable opportunity to perform his undertaking. 3 S. Williston, A Treatise on the Law ofContracts, § 887B (rev. ed. 1936). Under the facts in this case, the law would imply an obligation to notify the indemnitor within a reasonable time of a claim against the indemnitee, and certainly it would require the prompt forwarding of the complaint if the indemnitor is to be required to furnish a defense of it.
A case from the Supreme Court of Connecticut is persuasive on very similar facts, and its holding is consistent with Alabama law. We, therefore, adopt the reasoning of that Court as expressed in Town of Fairfield v. D'Addario, 149 Conn. 358,179 A.2d 826 (1962):
 "The agreement contains no specific language requiring the town [indemnitee] to give D'Addario [indemnitor] notice of any action brought against it which it might claim arose out of the contract. But the parties could not have contemplated otherwise than that such notice would be given. The construction of the sewerage system was a broad undertaking necessitating the disturbance of highways for which the town was responsible. If the town was to have the full measure of protection which the indemnity provision afforded and D'Addario was to have the opportunity of effectively discharging his part of the obligation, notice to him was indispensable. `Conditions upon which the right to require performance of a contract obligation depends may often be implied where not to do so would defeat the clear intention of the parties and the object of the contract.' Rifkin v. Safenovitz, 131 Conn. 411, 415, 40 A.2d 188 [190]; Leventhal v. [town of] Stratford, 121 Conn. 290, 295, 184 A. 587; Rockwell v. New Departure Mfg. Co., *Page 1008 102 Conn. 255, 286, 128 A. 302. The circumstances under which the contract was made, as well as all the other provisions of the contract, are determinative factors in ascertaining intent. Avco Mfg. Corporation v. Connelly, 145 Conn. 161, 169, 140 A.2d 479; United Aircraft Corporation v. O'Connor, 141 Conn. 530, 538, 107 A.2d 398; Colonial Discount Co. v. Avon Motors, Inc., 137 Conn. 196, 200, 75 A.2d 507. The indemnity provision of this contract contemplated that suits might be brought against the town for highway defects which it could claim were caused by D'Addario. The town would have peculiar knowledge of these suits and therefore was obligated to notify D'Addario of them. It can be fairly implied that the giving of reasonable notice was a condition precedent to D'Addario's duty to defend and indemnify. 3 Williston, Contracts (Rev.Ed.) § 887B. Furthermore, when a party to a contract assumes an express obligation to do certain things — in this case, to defend and indemnify the plaintiff — the law implies a corresponding obligation on the other party to allow him all reasonable opportunity to perform. Rockwell v. New Departure Mfg. Co., supra; 3 Williston, op. cit., p. 1956; Restatement, 2 Contracts § 395, comment c. The cooperation required may be, as in the instant case, the giving of timely notice. 3A Corbin, Contracts, p. 386; 3 Williston, op. cit. § 887B.
 "Kant sued the town on May 12, 1953. The town failed to inform D'Addario of the suit until January 22, 1956. He was entitled to employ his own counsel to investigate the facts and prepare his defense. He was not, as the town claims, required to accept a report, made to it three years before, of an investigation by its police department. An independent investigation by D'Addario three years after the occurrence would have been of little, if any, use in the defense against Kant's claims as to either liability or damages. The notice of Kant's action came altogether too late to be called reasonable. That term is a relative one. Its meaning is affected by the circumstances under which it is called into use. E.M. Loew's Enterprises, Inc. v. Surabian, 146 Conn. 608, 612, 153 A.2d 463. The notice was not timely in this case. The court did not err in rendering judgment for D'Addario." (Emphasis added.)
149 Conn. at 361-63, 179 A.2d at 828-29.
We have held that indemnity provisions in construction contracts are valid in Alabama, Industrial Tile, Inc. v.Stewart, 388 So.2d 171 (Ala. 1980), and we do not retreat from that holding. However, we also hold that to be binding on the party agreeing to indemnify and save harmless the other party, he must receive notice of a claim which he must defend, for only in this way can he investigate the claim and prepare his defense. He must also be promptly forwarded a copy of the complaint once it is served upon the indemnitee. Here the complaint was not forwarded to the subcontractor for over two years. The contractor retained counsel of its choice, who prepared a defense without consulting with the indemnitor/subcontractor. Now, at this late date, it calls upon the indemnitor to pay the lawyer of the contractor's choice and to save harmless the contractor. Having failed to perform its part of the bargain, the contractor cannot now compel performance by the subcontractor.
The judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur. *Page 1009