IHP INDUSTRIAL, INC.,
Plaintiff/Counterdefendant,

v.

PERMALERT, ESP, a/k/a Environmental Specialty Products, Inc., Defendant/Counterplaintiff.

PERMALERT, ESP, a/k/a Environmental Specialty Products, Inc., Third–Party Plaintiff,

v.

RC CONSTRUCTION CO., INC.,
Third–Party Defendant.

Civil Action No. 4:96CV77LN.

United States District Court,
S.D. Mississippi,
Eastern Division.

Dec. 9, 1997.

Roy A. Smith, Jr., Daniel, Coker, Horton & Bell, Jackson, E. Wayne, Richard D. Fry, Attorney, Kansas City, MO, for Plaintiff.

Luther S. Ott, Ott & Purdy, Lindsay C. Patterson, McGlinchey Stafford, Jackson, MS, Ty D. Laurie, John F. Lapham, Daniel S. Brennan, Schiff Hardin & Waite, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

There are presently pending in this cause two motions for the court's consideration. The first is a motion by defendant/counter-plaintiff PermAlert, ESP, a/k/a Environmental Specialty Products, Inc. for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The second is a motion by third-party defendant RC Construction Co., Inc. to dismiss the third-party complaint filed against it by PermAlert. The motions have been fully briefed by the par-ties, and though unrelated, the court will address both motions in this opinion, beginning with PermAlert's motion for summary judgment.

PermAlert challenges in its motion the status of IHP Industrial, Inc. (IHP) as plaintiff in this case. Specifically, PermAlert maintains in its motion that, having fully assigned to its insurer, Liberty Mutual, any cause of action it might have against PermAlert, IHP is not a real party in interest and hence is not a proper party to prosecute this lawsuit, see Fed.R.Civ.P. 17(a) ("Every action shall be prosecuted in the name of the real party in interest."), so that its complaint must be dismissed. In response to PermAlert's motion, IHP asserts that contrary to the position espoused by PermAlert, it is indeed a real party in interest, but that even if Liberty Mutual is the real party in interest, as PermAlert contends, the complaint ought not be dismissed but instead, in accordance with the terms of Rule 17(a), the court should allow "a reasonable time ... for ratification of commencement of the action by, or joinder or substitution of, the real party in interest."

For purposes of the present motion, the facts giving rise to this litigation are not particularly pertinent. Generally, RC Construction Company (named as a third-party defendant), which had contracted with the United States Property and Fiscal Office to upgrade certain aircraft pavements and to furnish and install the hydrant fueling systems, subcontracted IHP to furnish and install the fueling system at Key Field in Meridian, Mississippi, including the underground fuel piping system which consisted of an 8″ stainless steel fuel pipe and a 12″ fiberglass containment pipe. IHP procured the required pipe from PermAlert.

Months after the pipe was installed, it was discovered that water was infiltrating the containment pipe. Retesting was performed which, according to IHP, resulted in the failure of a significant number of the factory joints in the containment pipe. IHP alleges that as a result of these failures, it was required to excavate the pipe, field-wrap the joints and dry the containment pipes, all at

substantial additional cost. IHP advised Liberty Mutual of its position that the costs—which it claimed far exceeded $250,000—were covered under the commercial general liability policy issued to IHP by Liberty Mutual. Ultimately, in March 1995, those parties executed a document styled "Release and Subrogation of Claims" pursuant to which Liberty Mutual paid IHP $250,000 in exchange for IHP's agreement to release Liberty Mutual from further liability for damages relating to or arising from the failed pipe joints. Then, IHP, while purporting to "reserve[ ] in full any and all claims and causes of action against PermAlert," agreed:

> to subrogate to Liberty its rights against any of its subcontractors or suppliers, including PermAlert, to recover damages resulting to IHP related to or arising from the failed pipe joints. IHP authorizes Liberty to sue, compromise, or settle in IHP's name all such claims and to execute and sign releases and acquittance and endorse checks or drafts given in settlement of such claim in the name of IHP, with the same force and effect as if IHP executed and endorsed them during the prosecution thereof. During the prosecution of said claims, including selection of counsel on a 1/3 (one third) contingency fee basis, conduct of discovery and conduct of trial shall be within the sole control of Liberty. However, with respect to any portion of such suit which relates to damages incurred by IHP in excess of the $250,000 paid by Liberty under this agreement, and which IHP retains the option to recover, IHP will be responsible for such attorney fees and expenses related in particular to proving consequential damages peculiar to IHP's claim, excluding direct job costs, overhead and expenses for repair.

The agreement further recited:

> In the event that Liberty shall recover any monies or anything of value on account of its subrogated interest whether by judgment or settlement, Liberty shall within 30 days after receipt of same, remit to IHP 1/2 (one half) of all amounts recovered up to $500,000 net of, and after deduction of 1/2 (one half) of attorney's fees and shall further remit such amounts recovered in excess of $500,000 to IHP.

In its motion, PermAlert maintains that this agreement constitutes an effective assignment to Liberty Mutual of IHP's right to proceed against PermAlert for damages claimed to have resulted to IHP related to or arising from the failed pipe joints and that as a consequence of this assignment, Liberty Mutual now possesses the sole right to proceed against PermAlert for any such damages. IHP argues, though, that since it has retained a pecuniary interest in the case—by retaining a one-half interest of amounts recovered up to $500,000 and all amounts recovered in excess of $500,000—it is a real party in interest entitled to prosecute this claim.

This court recently encountered a similar situation in *Aetna Casualty & Surety Co. v. Pendleton Detectives of Mississippi, Inc.,* 969 F.Supp. 415 (S.D.Miss.1997). In contrast to the present case, the suit in *Pendleton* was brought not by the insured, but rather by the insurer, Aetna, which had obtained by settlement with its insured the exclusive right to assert (or not to assert) its insured's claims against Pendleton. Pendleton contended that the insured, a nondiverse entity, was a real party in interest and hence an indispensable party whose joinder would deprive the court of diversity and require dismissal of the lawsuit. The court, however, concluded that in view of the insured's assignment to Aetna of its claims against Pendleton, the insured no longer had any substantive right to assert and consequently was not a real party in interest, even though Aetna had agreed to pay the insured one-third of any amount recovered through negotiation, litigation or settlement. *Id.* at 418.

In reaching this conclusion, the court explained that whether the plaintiff in an action is indeed the real party in interest under Rule 17(a) depends on whether the plaintiff, " 'by the [governing] substantive law, has the right to be enforced'." *Id.* (quoting *Lubbock Feed Lots, Inc. v. Iowa Beef Processors,* 630 F.2d 250, 256–57 (5th Cir.1980)). And since the insured there had fully assigned to Aetna all its rights against Pendleton—an assignment which the court recognized was valid

under Mississippi law—then the insured no longer had any substantive rights to be enforced. *Id.*

■ In the instant case, though the provisions of the Liberty Mutual/IHP subrogation agreement are somewhat less explicit than the agreement at issue in *Pendleton*, the effect of the agreements in both cases is the same. Just as the insured in *Pendleton* assigned to Aetna its rights to pursue any claim against Pendleton, IHP granted to Liberty Mutual its "rights against any of its subcontractors or suppliers, including PermAlert, to recover damages resulting to IHP related to or arising from the failed pipe joints." And though here, as in *Pendleton*, the insured, IHP, has retained a pecuniary interest in any recovery which its insurer might ultimately obtain, its right to share in any recovery does not make it a real party in interest, for its right to share in any recovery does nothing to alter the basic and dispositive fact that the insurer, Liberty Mutual, possesses the sole right to proceed against PermAlert for any recovery. *See Farrell Constr. Co. v. Jefferson Parish*, 896 F.2d 136, 140 (5th Cir.1990) ("The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery.").[1]

■ As the court has concluded that there is but one entity which can validly claim to be the real party in interest, Liberty Mutual, and Liberty Mutual is not a party plaintiff, the question becomes whether the court should or must dismiss the case, as urged by PermAlert, or whether, instead, the court ought to provide an opportunity for substitution of Liberty Mutual as plaintiff. In support of its position that dismissal would not be the proper course, IHP points to the following language in Rule 17(a):

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

PermAlert acknowledges this language, but notes that the commentators and the vast majority of courts have held that this portion of the rule was intended "to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." 3A J. Moore's Federal Practice 17.15–1, at pp. 602–03 (2d ed.1974); *see also* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1555, at 415 (2d ed. 1990) ("The final sentence in Rule 17(a) is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought."). *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir.1997) ("district court retains some discretion to dismiss an action where there was no semblance of any reasonable basis for the naming of an incorrect party"). In the case at bar, while the court has rejected IHP's argument that it occupies the position of a real party in interest because of its retention of a pecuniary interest in its claims against PermAlert, the court is unable to conclude that IHP was wholly lacking in any reasonable basis for asserting and maintaining this position. Accordingly, the court is unable to conclude that dismissal would be appropriate under the circum-

---

1. IHP points out that the question of whether a person is a real party in interest under Rule 17(a) is decided by the substantive law of the forum which created the right being sued upon, *see Farrell Constr. Co. v. Jefferson Parish*, 896 F.2d 136, 140 (5th Cir.1990), and asserts that it is clear under substantive Mississippi law, and in particular, Mississippi Rule of Civil Procedure 17(b) and the official comments thereto, that "where a subrogor still has a pecuniary interest in the claim," Miss.R.Civ.P. 17(b), and where the insured's loss exceeds the coverage amount of the policy, "the respective rights of the parties ... parallel those when there has been a partial assignment: either the insured or the insurer may sue in his own name." In addition to the fact that the Mississippi law relied upon by IHP is procedural, and not substantive, and hence is for that reason not determinative of whether IHP is a real party in interest, the court would note further that the Mississippi rule and its comments do not specifically address a situation in which the insured has contractually relinquished to the insurer its right to proceed on any claim.

stances. Rather, the court will allow Liberty Mutual to be substituted as the party plaintiff in the event that Liberty Mutual, upon proper notification of this opinion and order, elects to continue the prosecution of this litigation against PermAlert.

That brings the court to the second motion under consideration, which is third-party defendant RC Construction's motion to dismiss the third-party complaint. Simply, PermAlert alleges in its third-party complaint that if it is found liable to IHP (or Liberty Mutual) for the costs claimed by IHP to have been incurred as a consequence of the excavation and field repair of the failed pipes, then RC will in turn be liable to PermAlert for a portion of those damages because the cost of the excavation was greatly increased by virtue of RC's having prematurely installed pavement over the area covering the pipes. PermAlert alleges, more specifically, that it will be entitled to "equitable indemnity/subrogation" from RC in the event PermAlert is held liable to IHP since RC, despite having been advised that the pipes furnished by PermAlert had not been field tested, and despite its knowledge that such field testing was required under the terms of the contract before the pipe trenches could be backfilled and the area paved, nevertheless paved over the pipes "out of sequence," thus increasing the cost of IHP's excavation and repair work, which costs are sought by IHP from PermAlert in the main complaint.

 In the court's opinion, there is no merit to RC's contention that its alleged liability to PermAlert is not dependent upon the outcome of IHP's claim against PermAlert and hence derivative of that main claim. It is manifest from a review of the allegations of the third-party complaint that RC could only be liable to PermAlert for damages required to be paid by PermAlert to IHP if, in fact, PermAlert were required to pay those damages to IHP. The court likewise is unpersuaded by RC's contention that the third-party complaint is premature and hence not proper since PermAlert has not yet been adjudicated liable to IHP for damages. The text of Rule 14(a) plainly states that a third-party action may be brought against a person not a party to the action "who is or *may be liable* to the third-party plaintiff for all or part of the plaintiff's *claim* against the third-party plaintiff." (Emphasis added). While it is true as a matter of substantive law that recovery is not available on a claim for indemnity or subrogation until such time as the claimant/defendant has actually been adjudicated liable to (and paid) the plaintiff, as a matter of procedure, Rule 14 does not require that the third-party plaintiff await the outcome of the plaintiff's claim against it before it may *assert* its third-party claim.

 RC's primary argument for dismissal of the third-party complaint is that because IHP's claim against PermAlert is premised on alleged fraud by PermAlert, i.e., that it falsely misrepresented that the pipe joints had been factory tested to 15 psi without failure and had been appropriately field tested, then Mississippi law will not permit PermAlert to invoke the equitable doctrines of subrogation and/or indemnity as a basis for recovery against RC because PermAlert is an "active" wrongdoer. *See Bush v. City of Laurel,* 215 So.2d 256, 259–60 (Miss.1968) (limiting right of noncontractual indemnity to "one not actively at fault against an active wrongdoer"). As PermAlert points out, however, not only has IHP charged it with fraud, but it has also charged that PermAlert breached express and implied warranties, claims for which liability could possibly be found based on negligent conduct rather than intentional wrongdoing. RC acknowledges that under Mississippi law, as specifically recognized by the Mississippi Supreme Court in *First National Bank of Jackson v. Huff,* 441 So.2d 1317 (Miss.1983), where the defendant's liability stems from ordinary negligence, as contrasted with wrongful conduct, factual considerations of fairness and justice apply to the determination whether equitable subrogation applies. The question in that event is whether, despite the defendant's negligence, equity will allow subrogation or indemnity to be invoked. Because there are claims in the main complaint which might support recovery based on negligence, as contrasted with active wrongdoing, the court is unable to conclude that PermAlert is barred from asserting its third-party claims

against RC. RC's motion to dismiss will, therefore, be denied.[2]

RC submits in its motion that if the court denies its motion to dismiss, the case management order should be amended to accommodate RC's belated joinder in the case, including allowance for discovery and continuance of the trial date. PermAlert has filed a joinder in RC's motion for amendment of the case management order, assigning in its joinder a number of additional reasons it contends additional time for discovery and a continuance of the trial date are needed. The court is of the opinion that these requests are well taken and an amended case management plan will be entered by the magistrate judge, after consultation with the parties.

Based on the foregoing, it is ordered that PermAlert's motion for summary judgment, and RC's motion to dismiss the third-party complaint, are denied. It is further ordered that RC's alternative request for entry of an amended case management plan, in which PermAlert has joined, is granted and a separate case management plan will be entered. The plaintiff is hereby directed to immediately serve upon Liberty Mutual or its counsel a copy of this memorandum opinion and order and Liberty Mutual shall forthwith advise the court, by no later than December 19, 1997, whether it desires to proceed with this litigation as the party plaintiff.

_____

2. RC argues that because this court has previously dismissed IHP's tort claim of negligence, then there is no claim of negligence remaining in the case. The fact that the court has dismissed that particular tort claim is plainly not dispositive of this issue; RC's argument fails to account for the fact that the warranty claims—contract claims—can be viewed as being based on negligent conduct.