On Application for Rehearing
The opinion of October 23, 1998, is withdrawn and the following is substituted therefor.
This petition for the writ of mandamus arises from the trial court's denial of the defendant's motion to dismiss an action or to transfer it pursuant to § 6-3-21.1, Ala. Code 1975, the forum non conveniens statute. Hubert Earl Sasser, the petitioner, seeks a writ directing the Jefferson County Circuit Court to grant his motion to dismiss this action, or, in the alternative, to transfer it from Jefferson County to Houston County. For the reasons discussed below, we grant the petition and issue a writ of mandamus directing the Jefferson County Circuit Court to transfer the action to Houston County.
 Facts and Procedural History
Vincenzo J. Difilippo and Hubert Earl Sasser were involved in an automobile accident that occurred on March 23, 1994, on Ross Clark Circle in Dothan, located in Houston County. Difilippo alleges that Sasser, in an attempt to avoid colliding with a third vehicle, caused his automobile to collide head-on *Page 605 
with Difilippo's automobile. Difilippo resides in Ozark, which is in Dale County, and Sasser resides in Houston County.
Difilippo sued Sasser in the Jefferson County Circuit Court, on December 12, 1995, alleging that Sasser had negligently or wantonly caused or allowed his automobile to collide with Difilippo's automobile. Difilippo also sued Sasser's sole proprietorship, Sasser Appliance Repair Service, a business that Sasser had operated for approximately 20 years in Houston County. Further, he sued his own insurer, State Farm Mutual Automobile Insurance Company, alleging that State Farm had improperly refused payment of benefits that, Difilippo alleges, were due under the provisions of his uninsured/underinsured-motorist policy. The complaint alleges a cause of action against State Farm, then, for breach of contract; it does not state a claim arising out of tort law. State Farm is an Illinois company that is qualified to do business in Alabama.
On January 17, 1996, Sasser moved the trial court to dismiss the case, or, in the alternative, to transfer it to the Houston County Circuit Court. The trial court held a hearing on the motion on February 21, 1996.[1] On August 22, 1996, it denied the motion. Sasser's counsel argues that neither he nor his client received notice from the Jefferson County circuit clerk's office of the trial court's action on Sasser's motion. Difilippo does not dispute that assertion. On July 21, 1997, Sasser filed a supplement to his motion, apparently unaware that his motion had already been denied. In February 1998, Sasser's counsel telephoned the Jefferson County circuit clerk's office and was informed that the trial judge had denied the motion in August 1996. On May 9, 1998, Sasser (or his attorney) received notice that the case was set for trial. Sasser filed his petition for the writ of mandamus on July 6, 1998.
 Discussion
In addition to arguing that, on the merits, the writ should not issue, Difilippo argues that the doctrine of laches should bar Sasser's request for mandamus relief. Difilippo contends that Sasser waited two years after filing the alternative motion to dismiss or to transfer, before he inquired of the circuit clerk's office, and he argues that "[t]his conduct waives (or creates laches [as to]) any right Sasser had to receive interlocutory appellate review (via petition for writ of mandamus) of the denial of his motion to transfer." He cites Ex parte Johnson,485 So.2d 1098 (Ala. 1986), as support for his argument. In that case, this Court noted a line of cases holding that an "`unreasonable delay is a ground for dismissing a petition for [mandamus] relief.'" 485 So.2d at 1104, quoting Evans v. Insurance Co. of North America,349 So.2d 1099 (Ala. 1977). In Johnson, however, this Court also held that "[t]he mere passage of time, without more, will not suffice" to bar the petition. 485 So.2d at 1105. This Court noted in Johnson that the respondents in that case had "failed to show any prejudice resulting from the delay, [and had not] shown the existence of any other circumstances which would show unreasonableness." Id.
This Court has held that "[l]aches is an equitable principle and is a defense only to suits in equity, . . . or to those proceedings at law which are controlled by equitable principles such as [a] mandamus [proceeding]." Ballenger v. Liberty National Life Insurance Co., 266 Ala. 407, 410, 96 So.2d 728, 731 (1957). Further, as Justice Beatty wrote for the Court in Touchstone v. Peterson, 443 So.2d 1219, 1226 (Ala. 1983):
 "To be affected by laches, the delay must have been with notice of the existence of the right, resulting in disadvantage, harm, or prejudice to another, or have operated to bring about changes in conditions and circumstances so that there can no longer be a safe determination of the controversy. Thus, special facts which make the delay culpable must appear."
In order for this Court to hold that the doctrine of laches applies, then, we must first be convinced that the delay resulted in some *Page 606 
harm to the other party. Difilippo has not argued that he suffered any detriment as a result of the delay, and we will therefore not apply the doctrine of laches in this case.[2]
Having determined that the doctrine of laches does not bar Sasser's mandamus petition, we consider the substantive issues raised by it. First, Sasser argues that Jefferson County was not a proper venue for Difilippo's action, and, therefore, he argues that the trial court should have transferred the case.
To determine whether Jefferson County was a proper venue for Difilippo's action, we look to the procedural posture of the action when it was filed. Elmore County Comm'n v. Ragona, 540 So.2d 720,725 (Ala. 1989). Difilippo filed his complaint in the Jefferson County Circuit Court on December 12, 1995, naming as defendants Sasser, Sasser Appliance Repair Service, State Farm Mutual Automobile Insurance Company, and several fictitiously named parties. Where claims against multiple defendants are joined in the same action, venue is proper with regard to all claims if it is proper with regard to any of the claims. Rule 82(c), Ala.R.Civ.P.; Ex parte Owen, 437 So.2d 476, 480 (Ala. 1983). Whether Jefferson County was a proper venue for this action depends on whether it was a proper venue as to any of the defendants. It appears undisputed that if Hubert Sasser and Sasser Appliance Repair Service had been the only defendants then Jefferson County would not have been a proper venue. The primary question presented here, then, is whether the presence of State Farm as a defendant made Jefferson County a proper venue for this action.
In Ex parte Gauntt, 677 So.2d 204 (Ala. 1996), overruled on other grounds, Ex parte First Family Financial Services, Inc.,718 So.2d 658 (Ala. 1998), the majority of this Court held that when a court is considering the question of venue for an action against an insurance company, it must read §§ 6-3-5 and 6-3-7, Ala. Code 1975, in pari materia. The majority concluded that the scope of §6-3-5 is somewhat limited, holding "that § 6-3-5 makes venue proper in the county of the plaintiff's residence, if the defendant insurance company is `doing business' there, as defined by §6-3-5(b)." Id. at 213. Under the Gauntt majority's rationale, §6-3-7 provides that an insurer may be sued in contract in any county where it does business (thus including the county of the plaintiff's residence) and may be sued in tort in the county of the plaintiff's residence or where the tortious act or omission occurred.
Gauntt was not a unanimous decision. The dissenting Justices argued that the majority had incorrectly interpreted the two Code sections in question. Without further discussion of the merits of that issue, we must point out that upon the release of the Gauntt decision, the interpretation of the venue statutes adopted by a majority of this Court as the Court was then constituted became the law of this state. Unless or until this Court overrules this portion of Gauntt or the Legislature modifies the venue statutes, the courts of this State are obliged to apply the rule adopted in Gauntt.
In his mandamus petition, Sasser argues that Jefferson County was not a proper venue and that the trial judge therefore abused his discretion by denying the motion to transfer. Applying the rationale of Gauntt, however, as the trial court was obliged to do, that court would have had to conclude that as to the claim against State Farm, which alleged a breach of contract,[3] any county in *Page 607 
which State Farm does business would be a proper venue. Therefore, at the time the action was filed, Jefferson County was a proper venue for the claim against State Farm. Thus, Jefferson County was a proper venue for the claims against the other defendants also.
This matter comes before this Court on a petition for the writ of mandamus, which is a drastic and extraordinary writ. As this Court has said many times, that writ will issue "only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991), citing Martin v. Loeb Co.,349 So.2d 9 (Ala. 1977). Further, in reviewing a trial judge's refusal to grant a motion to transfer a case, we will issue a writ of mandamus directing a transfer only if it is clear to this Court that the trial judge abused his discretion by exercising it in an arbitrary and capricious manner. Ex parte City of Fayette,611 So.2d 1032, 1033 (Ala. 1992), overruled on other grounds, Ex parte Alabama Power Co., 640 So.2d 921 (Ala. 1994).
We cannot accept Sasser's argument — that Jefferson County is not a proper venue for this action and, therefore, that it was an abuse of discretion to deny his motion to transfer. Given the Gauntt holding, Sasser did not have a clear legal right to a transfer because, when the action was filed, venue was proper in Jefferson County.
Sasser's second argument is that, even if Jefferson County was a proper venue, the trial court abused its discretion in refusing to transfer the action in accordance with § 6-3-21.1, Ala. Code 1975, the forum non conveniens statute. That statute provides:
 "(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
Sasser argues that § 6-3-21.1 requires a transfer of this case because: (1) he lives in Houston County; (2) the accident occurred in Houston County; (3) the police officer who filed the accident report lives in Houston County; (4) the wrecking company that towed the vehicles is located in Houston County; (5) the company that repaired his vehicle is located in Houston County; (6) the only eyewitness to the accident lives in Geneva County, which adjoins Houston County; and (6) medical-service providers who treated the parties are likely to be located in Houston County.
Difilippo argues that the police officer who filed the accident report is not likely to be a key witness, because he arrived on the scene only after the accident had occurred and he has not been shown to qualify as an accident-reconstruction expert.
Given the facts as set forth by the parties, it appears from what is before this Court that the only connection between this case and Jefferson County is that State Farm, which was named as a defendant, does business in Jefferson County. On January 5, 1996, State Farm filed a motion in the Jefferson County Circuit Court seeking a transfer of the case from Jefferson County to either Dale County or Houston County. State Farm argued that Dale County was a proper venue because Dale County was the county where Difilippo (the policyholder) resided. See § 6-3-5. State Farm also argued that Houston County was a proper venue because the accident giving rise to the action occurred in Houston County. Relying on the maxim that venue is proper as to all defendants if it is proper as to one, State Farm moved the trial court to transfer the case to either Dale County or Houston County. The trial court denied that motion. State Farm then moved to withdraw from participation *Page 608 
in the litigation, agreeing to be bound by the outcome of the case. Lowe v. Nationwide Insurance Co., 521 So.2d 1309 (Ala. 1988), authorizes an insurer to do that; the trial court granted State Farm's motion.
When considering whether § 6-3-21.1 requires that a trial court transfer an action to another county upon motion of one of the parties, we must look to two of this Court's recent cases. In Ex parte First Family Financial Services, Inc., 718 So.2d 658
(Ala. 1998), a borrower sued a finance company, alleging that it had breached its contract with her and had fraudulently induced her to refinance an existing loan. In that case, "the plaintiff [had] never lived in the forum county. No transaction between the plaintiff and the defendant ever occurred there. The defendant [had] no office, employees, or documents in the forum county." Id. at 659. Further, "all meetings between [the plaintiff] and employees of [the defendant] had occurred in Dallas County, in which [the defendant's] office [was] located and where [the defendant desired] to have the case transferred." Id. at 662.
In First Family, this Court held "that the Legislature, in adopting § 6-3-21.1, intended to vest in the trial courts, the Court of Civil Appeals, and this Court the power and the duty to transfer a cause when `the interest of justice' requires a transfer." Id. at 660. Under the facts of First Family, this Court, holding that the interest of justice required a transfer, issued the writ of mandamus.
In Ex parte Independent Life Accident Insurance Co., [Ms. 1971126, September 11, 1998] 725 So.2d 955 (Ala. 1998), this Court again addressed the application of § 6-3-21.1. In that case, the plaintiffs alleged several claims arising from Independent Life and Accident Insurance Company's refusal to pay the plaintiffs certain insurance benefits the plaintiffs believed were due. The plaintiffs sued in Lowndes County, and the defendants moved for a transfer to Montgomery County. The trial court denied the motion, and the defendants petitioned for mandamus relief. In that case, this Court noted that "all of the transactions at issue took place in Montgomery County; the plaintiffs [lived] in Montgomery County; the three agents [of Independent Life] all [worked] out of Independent Life's Montgomery office; and . . . the one agent who [lived] in Lowndes County did not sell any of the policies at issue, and, at most, played a minor role in the events giving rise to [the lawsuit]." Id. at 660. This Court concluded that the case "[had] no nexus with Lowndes County that would justify burdening that county with the trial of [the] case." Id. at 957. Accordingly, this Court issued a writ directing the Lowndes Circuit Court to transfer the case to Montgomery County.
This present case, we believe, is similar to the actions in First Family and Independent Life. The nexus between Difilippo's action and Jefferson County is negligible at best. Therefore, following and applying the principles set out in First Family and Independent Life relating to the applicability of § 6-3-21.1, we direct the Jefferson County Circuit Court to vacate its order denying Sasser's motion to transfer and we direct it to transfer the pending action to the Houston County Circuit Court.
OPINION OF OCTOBER 23, 1998, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; WRIT GRANTED.
Hooper, C.J., and See and Brown, JJ., concur.
Kennedy, J., concurs in the result.
[1] Sasser states in his "Supplemental Brief in Support of Petitioner's Petition for Writ of Mandamus" that the trial judge told the parties he would withhold a ruling on that motion in order that settlement negotiations might proceed. Difilippo does not dispute that the trial judge told the parties that.
[2] From what is before this Court, it appears uncontradicted that the trial judge told the parties he would withhold ruling on the motion to dismiss or to transfer, so that settlement negotiations could proceed (see note 1). It does not appear that there was any discussion of limiting that forbearance for a specific period. Although our main concern is with the period of delay occurring after the trial court denied the motion, we can see no indication, based on our understanding of the proceedings occurring before the trial court denied the order, that time was of the essence.
[3] In his complaint, Difilippo alleged:
 "The plaintiff avers that at said time and place [of the automobile accident] he had in full force and effect a policy of insurance issued through State Farm Mutual Automobile Insurance Company which provided underinsured motorist coverage. All of the premiums had been paid, and the plaintiff has made demand for payment thereunder, and the defendants State Farm Mutual Automobile Insurance Company, A, B, and C, have refused payment, hence this suit."