Jon V. PRICE, Plaintiff,

v.

CTB, INC., Latco, Inc.,
et al., Defendants.

Latco, Inc., Third Party Plaintiff,

v.

Illinois Tool Works, Inc., J & S Tool
and Fastener, Inc., Third Party
Defendants.

No. Civ.A. 00–D–1199–S.

United States District Court,
M.D. Alabama,
Southern Division.

Sept. 17, 2001.

Jere L. Beasley, Stephen W. Drinkard, Larry A. Golston, Jr., Rhon E. Jones, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, AL, Samuel J. Clenney, III, Abbeville, AL, M. Adam Jones, Hall Smith & Jones, Dothan, AL, for Jon V. Price.

Brandy A. Adkins, Richard E. Broughton, Ball, Ball, Matthews & Novak, P.A., Montgomery, AL, Helen Johnson Alford, Holly Alves, Frank L. Parker, Jr., Carr, Alford, Clausen & McDonald, LLC, Mobile, AL, Amy V. Bowman, E. Chadwick Morriss, Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, AL, Charles "Skip" D. Davidson, Davidson Law Firm, Ltd., Little Rock, AR, D, Mitchell Henry, Webster & Henry, P.C., Montgomery, AL, Deborah Whitmore Hicks, Eufaula, AL, for CTB, Inc., Latco, Inc.

Michael Baird Beers, Constance T. Buckalew, William F. Patty, Angela Christine Taylor, Beers Anderson Jackson Nelson Hughes & Patty, PC, Montgomery, AL, Charoen Popkhand Inc., Huntsville, AL, Laurence J. McDuff, E. Berton Spence, Lange, Simpson, Robinson & Simerville, Birmingham, AL, for Illinois Tool Works, Inc., J&S Tool and Fasteners, Inc.

John W. Dodson, K. Claire, White, Ferguson, Frost & Dodson, Birmingham, AL, for movant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Third Party Defendant Illinois Tool Work, Inc.'s ("ITW") Motion to Dismiss ("Mot."), filed on August 17, 2001. (Doc. 70.) Third Party Plaintiff Latco, Inc. ("Latco") filed a Response on September 4, 2001. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that ITW's Motion to Dismiss is due to be denied.

### I. BACKGROUND

Latco, a building contractor, is an original defendant in the underlying action concerning the quality of its workmanship when it constructed chicken houses for various Alabama farmers. The causes of action against Latco include breach of the construction contract, fraudulent misrepresentation of the caliber of materials to be used, and negligence and wantonness in the construction. Latco moved to file a Third Party Complaint against, inter alios, ITW on February 21, 2001, approximately six months after the case had been removed to the Middle District of Alabama. It failed in its attempt to properly serve ITW until July 19, because it did not name the appropriate agent for service. In the Third Party Complaint, Latco alleges that

ITW, a nail manufacturer, defectively designed the nails used in the construction of the chicken houses. The specific causes of action include breach of warranty, violation of the Alabama Extended Manufacturer's Liability Doctrine, and common law indemnity. ITW argues that it was improperly impleaded under Rule 14 of the Federal Rules of Civil Procedure, or, alternatively, that the Third Party Complaint is barred by the equitable doctrine of laches.

## II. DISCUSSION

■ Under Rule 14(a), a defendant may assert a claim against anyone not a party to the original action if that third party's liability is in some way dependent upon the outcome of the original action. *Davenport v. Neely,* 7 F.Supp.2d 1219, 1223 (M.D.Ala.1998). There is a limitation on this general statement, however. Even though it may arise out of the same general set of facts as the main claim, a third party claim will not be permitted when it is based upon a separate and independent claim. *United States v. Joe Grasso & Son, Inc.,* 380 F.2d 749, 751 (5th Cir.1967).[1] Rather, the third party liability must in some way be derivative of the original claim; a third party may be impleaded only when the original defendant is trying to pass all or part of the liability onto that third party. *Allstate Ins. Co. v. Hugh Cole Builder, Inc.,* 187 F.R.D. 671, 673 (M.D.Ala.1999).

■ Latco argues that ITW is the prototypical third party defendant under Rule 14. It asserts that ITW can be found liable for the warranty surrounding its products if Latco is first found liable for faulty construction. Furthermore, insists Latco, this derivative liability merely involves a shift in the overall responsibility of the allegedly defective chicken houses. ITW contends, however, that because Rule 14 is merely a procedural rule, the propriety of its application depends upon the existence of a right to indemnity under the substantive law. ITW accurately states the law in this regard, *see, e.g., Gen. Dynamics Corp. v. Adams,* 340 F.2d 271, 279 (5th Cir.1965), but its conclusion that there is no viable substantive claim under Alabama law is incorrect.

■ Conceding that Alabama does not recognize a right to contribution among joint tortfeasors, Latco directs the court's attention to the concept of implied contractual indemnity. Under this doctrine, Alabama courts recognize that a manufacturer of a product has impliedly agreed to indemnify the seller when 1) the seller is without fault, 2) the manufacturer is responsible, and 3) the seller has been required to pay a monetary judgment. *Allstate Ins. Co. v. Amerisure Ins. Cos.,* 603 So.2d 961, 963 (Ala.1992). Under Latco's theory, should it be found liable for its construction of the chicken houses, it can demonstrate that the true fault lies with the nailguns and the nails manufactured by ITW.

Alabama caselaw, not to mention the parties' briefs, is especially sparse with respect to the contours of the doctrine of implied indemnity. However, Illinois courts have applied the doctrine in similar cases, and the court finds no reason to believe that Alabama courts would interpret the common law principles in a different manner. Indeed, the reasoning of the Supreme Court of Illinois in an almost identical case compels the court to find that impleader is proper here. *See Maxfield v. Simmons,* 96 Ill.2d 81, 70 Ill.Dec. 236, 449 N.E.2d 110 (1983). In *Maxfield,* an individual brought suit against a contractor alleging that the latter had constructed the roof of the plaintiff's home in a "poor and shoddy manner." *Id.* at 110.

---

**1.** All Fifth Circuit decisions rendered prior to October 1, 1981, are binding upon courts in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc).

The contractor, in turn, filed a third party complaint against the manufacturer and the seller of the roof trusses, alleging that their defective nature entitled the contractor to indemnification. *Id.*[2]

The *Maxfield* court observed that the specific fact pattern was not governed by any provisions of the Uniform Commercial Code as adopted by the state of Illinois. *Id.* at 112. ITW has argued as much with respect to the Alabama code. However, while ITW asks the court to conclude from this basis that there is no cause of action under Alabama law, the court is inclined to follow the lead of the *Maxfield* court and look to Section 1–103 of the Alabama U.C.C. Therein it states that, "[u]nless displaced by the particular provisions of this title, the principles of law and equity ... shall supplement its provisions." Ala. Code § 7–1–103 (1975). The equitable doctrine of implied indemnity has been applied to such factual scenarios as a means of alleviating the harshness surrounding rules prohibiting contribution among joint tortfeasors. *See Bethlehem Steel Corp. v. Chicago Eastern Corp.*, 863 F.2d 508, 521 (7th Cir.1988). The court finds that Alabama law provides Latco a cause of action under common law indemnity against ITW.

■ It must be noted, however, that, under Alabama law, the doctrine permits recovery only when the party to be indemnified is "without fault." *Allstate Ins. Co.*, 603 So.2d at 963. Whether, in fact, such a factual scenario will be proven at trial is irrelevant for present purposes. The only issue before the court is whether there exists a legal basis to implead ITW, not whether ITW is, in fact, liable to Latco. Since Rule 14 permits Latco to implead any party who "may be liable," Fed. R.Civ.P. 14(a), it follows that the court must permit development of the factual record so the extent of that liability may be determined. *See Travelers Ins. Co. v. Busy Electric Co.*, 294 F.2d 139, 149 (5th Cir.1961); *IHP Indus., Inc. v. PermAlert, ESP*, 178 F.R.D. 483, 487 (S.D.Miss.1997).

■ Furthermore, since Latco has established a basis upon which it may properly implead ITW, the court need not address the applicability of Rule 14 to the other claims in Latco's Third Party Complaint. It is well established that a properly impleaded claim may serve as an anchor for separate and independent claims under Rule 18(a). *See City of Orange Beach v. Scottsdale Ins. Co.*, 166 F.R.D. 506, 511 (S.D.Ala.1996); 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1452, at 414.[3] In short, the court finds that Latco has properly impleaded ITW under Rule 14(a).

**2.** In the present matter, Latco has also impleaded the retailer of ITW's products, but it has not contested the propriety thereof.

**3.** The court finds it necessary to dispel any worry that its rule might permit defendants to improperly encumber ongoing lawsuits by simply asserting claims of implied contractual indemnity. Rule 14(a) grants federal courts discretion in determining the propriety of a third party complaint, and in making its determination, a court may consider the burden upon the litigation that might ensue, as well as the merit of the third party complaint. *See generally* 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1443. Rules 21 and 42 further provide original plaintiffs protection against vexatious litigation by permitting the court to drop parties or to sever claims. In the present matter, the court deems it appropriate to allow the factual record to develop so that the role of ITW's products in the allegedly defective chicken houses can be determined. Under the rationale that a stitch in time saves nine, the court considers it more efficient to determine liability presently rather than to risk potential relitigation on all the issues at a later date. *See, e.g., Ex Parte Duncan Constr. Co.*, 460 So.2d 852, 854 (Ala.1984) (observing that purpose of impleader rule is to avoid duplicative litigation of similar factual and

ITW contests that, notwithstanding the above discussion, the Third Party Complaint is barred under the equitable doctrine of laches. This defense fails for two reasons. First of all, a party seeking such equitable relief must first demonstrate that it has been prejudiced by the other party's unreasonable delay. *Ex Parte Sasser*, 730 So.2d 604, 605–06 (Ala. 1999). ITW has failed to demonstrate any detriment caused to it by Latco's failure to properly implead it until almost one year after the original suit had been filed. Second, the doctrine of laches does not apply in the absence of sufficient information on the part of the party who allegedly failed to do what was required of it by equity. *Sims v. Lewis*, 374 So.2d 298, 305 (Ala. 1979). While it is an open question whether equity required Latco to implead ITW earlier than it did, it must be pointed out that Latco attempted to serve ITW in February of 2001, but service failed merely because one of ITW's subsidiaries was not an authorized agent for such purposes. Absent some indicia of culpability on the part of Latco, the court refuses to apply the remedy of laches.[4] To the contrary, ITW was properly impleaded.

### III. ORDER

Accordingly, it is CONSIDERED and ORDERED that ITW's Motion To Dismiss be and the same is hereby DENIED.

legal questions). This conclusion is underscored given that forty identical suits were filed against Latco. (Mot.¶ 1.)

4. ITW's reliance upon *Cochrane Roofing & Metal Co., Inc. v. Callahan*, 472 So.2d 1005 (Ala.1985) is misplaced. In that case the parties had an express indemnification agreement, yet the plaintiff failed to notify the defendant of the pending suit until two years after it began. *Id.* at 1008. In fact, the defendant was only notified so that it could be called upon to pay the lawyer over which it had no role in selecting or directing. *Id.* ITW, on the other hand, has obtained its own counsel and has ample time to investigate the claim against it such that there is no burden imposed upon it to justify the application of laches.