Charles COATES, Plaintiff,

v.

CTB, INC., et al., Defendants and Third–Party Plaintiff,

v.

Illinois Tool Works, Inc., et al., Third–Party Defendants.

Civil Action No. 00–T–1081–S.

United States District Court,
M.D. Alabama,
Southern Division.

Nov. 7, 2001.

Samuel J. Clenney, III, Abbeville, AL, Rhon E. Jones, Larry A. Golston, Jr., Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, AL, M. Adam Jones, Hall Smith & Jones, Dothan, AL, L. Shane Seaborn, Jinks Daniel Crow & Seaborn LLC, Clayton, AL, for plaintiff.

F. Chadwick Morriss, Amy V. Bowman, John Peter Crook McCall, Rushton, Stakely, Johnston & Garrett, P.A., D. Mitchell Henry, Webster & Henry, P.C., Montgomery, AL, Deborah Whitmore Hicks, Eufaula, AL, Helen Johnson Alford, Frank L. Parker, Jr., Margaret Holladay Alves, Holly Alves, Carr, Alford, Clausen & McDonald, LLC, Mobile, AL, Charles "Skip" D. Davidson, Davidson Law Firm, LTD, Little Rock, AR, Richard E. Broughton, Brandy A. Adkins, Ball, Ball, Matthews & Novak, P.A., Montgomery, AL, for defendants.

E. Berton Spence, Laurence J. McDuff, Lange, Simpson, Robinson & Somerville, Birmingham, AL, Michael Baird Beers, William F. Patty, Angela Christine Taylor, Beers Anderson Jackson Nelson Hughes & Patty, PC, Montgomery, AL, for third-party defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

Plaintiff Charles Coates brought suit in Alabama state court against defendant Latco, Inc., and others, stating claims for breach of contract, fraud, negligence, wantonness, and intentional interference with business relations, from the allegedly faulty construction of a chicken house.

Defendants properly removed this lawsuit to federal court under 28 U.S.C.A. §§ 1332, 1441. After removal, Latco, as a third-party plaintiff, impleaded third-party defendants Illinois Tool Works, Inc. (ITW) and J & S Tool and Fastener (J & S), two corporations which allegedly supplied some of the tools and material used in the construction of the chicken house. In its third-party complaint, Latco alleges that the chicken houses had leaky roofs, which were caused by defective nails and nail guns manufactured by ITW and sold to Latco by J & S. Latco asserts a number of state-law claims, including common-law indemnity, against ITW and J & S.

This lawsuit is now before the court on ITW's motion to dismiss. In the motion, ITW contends, first, that the third-party complaint is improper under Federal Rule of Civil Procedure 14, in that no sustainable allegation of contribution or indemnity has been made, and, second, that the complaint is untimely. For the reasons that follow, the motion will be denied.

### I. MOTION–TO–DISMISS STANDARD

In considering a third-party defendant's motion to dismiss, the court accepts the third-party plaintiff's allegations as true, Fed.R.Civ.P. 12(b); *Andreu v. Sapp*, 919 F.2d 637, 639 (11th Cir.1990), and construes the complaint liberally in the third-party plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The lawsuit may not be dismissed unless the third-party plaintiff can prove no set of facts supporting the relief requested. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686; *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir.1993).

**1.** The *Federal* Rules of Civil Procedure apply in this court, notwithstanding Latco's insistence on citing the *Alabama* Rules of Civil Procedure. *Hanna v. Plumer*, 380 U.S. 460, 473–74, 85 S.Ct. 1136, 1145, 14 L.Ed.2d 8 (1965) (holding that the Federal Rules of Civil

### III. DISCUSSION

#### A.

 A defendant, as a third-party plaintiff, may implead a third-party defendant who "is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a).[1] The third-party defendant's liability to the third-party plaintiff must be in some way dependent on the outcome of the main claim. *United States v. Olavarrieta*, 812 F.2d 640 (11th Cir.1987); *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (11th Cir. 1967); 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1446, at 355–69. An entirely separate claim, even one that arises out of the same set of facts, does not allow a third-party defendant to be impleaded. *Joe Grasso & Son*, 380 F.2d at 751. The impleaded party "must be liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff." *Id.*

 A logical conclusion from Fed. R.Civ.P. 14's requirement that the third-party defendant "be liable to the third-party defendant for all or part of the plaintiff's claim" is that a court, in deciding an impleader question based on state law, must determine whether applicable state law allows contribution or indemnity in the particular case. 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1446, at 369. The application of Rule 14 depends on the existence of a substantive right to indemnity or contribution under Alabama law.

Procedure, which are presumptively procedural, apply in diversity actions even if comparable state rules conflict). In any event, Ala. R. Civ. P. 14 is identical to Fed.R.Civ.P. 14.

As a general rule under Alabama law, there is no right of indemnity or contribution among joint tortfeasors. *Kennedy Engine Co. v. Dog River Marina & Boatworks, Inc.,* 432 So.2d 1214, 1215 (Ala.1983); *Consolidated Pipe & Supply Co. v. Stockham Valves and Fittings, Inc.,* 365 So.2d 968, 970 (Ala.1978). However, there is an exception to this rule. This exception is "that a joint wrongdoer may claim indemnity where he has not been guilty of any fault, except technically or constructively, or where both parties are at fault, but the fault of the party from whom indemnity is claimed was the efficient cause of the injury. Where an injury results from a violation of a duty which one owes to another, the parties are not in pari delicto." *Mallory S.S. Co. v. Druhan,* 17 Ala.App. 365, 84 So. 874, 877 (1920); *see also J.C. Bradford & Co. v. Calhoun,* 612 So.2d 396, 398 (Ala.1992); *Crigler v. Salac,* 438 So.2d 1375, 1385 (Ala.1983) (both discussing the exception and citing *Mallory*). For example, in the *Mallory* case, an employer, held liable for an injury to his employee caused by defective ship loading equipment, was allowed to bring suit for indemnity against the manufacturer of the defective equipment. 84 So. at 877 ("An employer, against whom recovery has been had for injury to his employee, may, notwithstanding his negligence in not inspecting, enforce indemnity against one who is under obligation to him, as in this case, to furnish suitable appliances, the breach of which obligation caused the injury."). The breach of implied warranties of merchantability and fitness for a particular purpose supported plaintiff's suit for indemnity. *Id.; see also* Restatement (Second) of Torts § 886B (indemnity is appropriate where "the indemnitor supplied a defective chattel ... as a result of which both were liable to the third person, and the indemnitee innocently or negligently failed to discover the defect," or "the indemnitee was induced to act by a misrepresentation on the part of the indemnitor, on which he justifiably relied").

Critical to the *Mallory* court's reasoning was that the employer was guilty of only *passive* negligence, the failure to inspect the faulty equipment, and the manufacturer was guilty of *active* negligence in breaching its duty to supply safe products.[2] 84 So. at 877; *see also Unicore, Inc. v. Tennessee Valley Authority,* 768 F.2d 109, 113 (6th Cir.1985) (analyzing the *Mallory* case).

The *Mallory* case is analogous to the instant situation. The employer, responsible for the injury to his employee, can shift liability for that harm to the manufacturer of the defective equipment that caused the harm. In the instant case, the builder, Latco, which is responsible for any injury resulting from his construction of the chicken houses, can shift liability for that harm to the manufacturer of the defective equipment used in construction, ITW. For the portion of the harm resulting from the use of the nails and nail guns, Latco could be found to be merely passively liable, in that it negligently failed to determine independently whether those items were properly used for the construction, while ITW could be actively negligent by supplying improper items to Latco in breach of implied warranties.

Therefore, a common-law action against ITW for indemnity exists and may

---

**2.** This requirement means that Latco will *not* be able to recover from ITW if the evidence reveals that Latco was *actively* negligent in the construction of the chicken houses, at least with respect to the use of the nails and nail guns. If such is the case, the *Mallory* exception does not apply, and the general rule barring indemnification or contribution between joint tortfeasors will prevail. However, because Rule 14 requires simply that the party impleaded *may* be liable for contribution, ITW is properly included in this case.

be pursued in this court.[3] Because Rule 14 allows Latco to implead ITW into this case, Latco's other state-law claims against ITW are also properly before this court. Fed.R.Civ.P. 18.

### B.

■ The equitable doctrine of laches does not avail ITW in this case, as ITW has not shown prejudice resulting from any unreasonable delay. *Ex parte Sasser*, 730 So.2d 604, 605–06 (Ala.1999). Although Latco received the complaint in this case on August 8, 2000, no discovery, excepting only the initial required disclosures by the parties, was conducted prior to February 2001, nor was a scheduling conference held until that time. Latco asserts that ITW has been involved in "every deposition taken in these cases" and had notice of this case as early as March 2001, a month after the scheduling conference. The court also notes that ITW has recently been impleaded into a multitude of civil cases by CTB involving substantially similar facts. There was no unreasonable delay in filing the third-party complaint against ITW, and no prejudice inhered as a result of any delay that may have accrued.

### IV. CONCLUSION

For the foregoing reasons, it is OR-DERED that third-party defendant Illinois Tool Works, Inc.'s motion to dismiss the third-party complaint, filed August 30, 2001 (Doc. no. 64), is denied.

---

**3.** As noted by Judge Ira DeMent in a recent opinion concerning another civil case by a chicken farmer against CTB, impleader may also be proper in this circumstance under the notion of an implied contractual right of indemnity. *Price v. CTB, Inc.*, 168 F.Supp.2d 1299 (M.D.Ala.2001) (order denying motion to dismiss third-party complaint). Under Alabama law, a manufacturer of a product impliedly agrees to indemnify the seller when (1) the seller is without fault, (2) the manufacturer is responsible, and (3) the seller has been required to pay a monetary judgment. *Allstate Ins. Co. v. Amerisure Ins. Co.*, 603 So.2d 961, 963 (Ala.1992); *see also Maxfield v. Simmons*, 96 Ill.2d 81, 70 Ill.Dec. 236, 449 N.E.2d 110 (1983) (applying implied contractual indemnity against the manufacturer of roofing materials in a suit charging the builder with shoddy work).

The difference between the exception to the general joint-tortfeasor rule and the theory of implied-contractual indemnity is as follows: ITW would be liable under implied-contractual indemnity only if Latco were entirely without fault in the construction; ITW would be liable under common-law indemnity principles, according to the exception, even if Latco were at fault, as long as Latco was only *passively* negligent.

The *Allstate* court noted the similarity between the elements of common-law indemnity and implied-contractual indemnity. 603 So.2d at 963. It seems reasonable that the exception discussed in *Mallory* should apply to both. Therefore, this court agrees with Judge DeMent in *Price* although this court takes a different tack: ITW may be liable to Latco for contribution or indemnification either because (1) Latco is entirely without fault or (2) Latco has a lesser degree of fault than ITW or is not *in pari delicto* with ITW.