# THE GREAT FALLS HARDWARE COMPANY OF RESTON

## v.

# SOUTH LAKES VILLAGE CENTER ASSOCIATES, LIMITED PARTNERSHIP

Record No. 870912

June 9, 1989

Present: All the Justices

*John A. Keats (Richard J. Brownell*, on brief), for appellant.
*Mitchell B. Weitzman (Robert E. Greenberg; Deso & Greenberg, P.C.*, on brief), for appellee.

Justice Thomas delivered the opinion of the Court.

The central issue in this appeal is whether the trial court properly construed certain provisions in a commercial real estate lease. The lease was executed on May 7, 1983, between the Great Falls Hardware Company of Reston (Great Falls), as tenant, and South Lakes Village Center Associates Limited Partnership (South Lakes), as landlord.

Language used in two provisions of the lease is in dispute. Section 5.02 of the lease concerns "Common Area Maintenance [CAM] Expenses." The printed portion of the lease provides in pertinent part that the "Tenant agrees to reimburse Landlord for its proportionate share of all costs and expenses incurred by Landlord in maintaining and repairing all common areas in the Shopping Center." It also sets forth the formula by which the CAM expenses are to be calculated. The provision also contains a typewritten addition which reads as follows: "This provision shall be effective only so long as at least ninety-five percent (95%) of the other tenants of the Shopping Center are also required to comply with the terms and conditions as herein provided." The other disputed provision is section 7.01, which concerns payment of real estate taxes. Section 7.01 contains the same typewritten addition as does Section 5.02. The legal effect of the typewritten addition is the focal point of this appeal.

On September 25, 1986, Great Falls filed a Bill of Complaint for Declaratory Relief in which it sought judicial construction of the typewritten language. Great Falls contends that under its lease, it is not required to pay CAM expenses or real estate taxes unless ninety-five percent of the other tenants pay CAM expenses and real estate taxes pursuant to provisions substantially the same as the ones contained in Great Falls' lease. South Lakes contends that Great Falls is obliged to pay CAM expenses and real estate taxes so long as ninety-five percent of the other tenants comply with the CAM and real estate tax provisions in their own leases regardless of whether those provisions differ from the ones in Great Falls' lease. Both parties agree that the language is unambiguous.

The trial court held an *ore tenus* hearing concerning the circumstances under which the lease was executed and the intent of the parties. The trial court adopted South Lakes' contention; it ruled from the bench as follows:

> The Court finds that notwithstanding the words quote: 'As herein provided.' unquote; the words quote: 'at least ninety-five percent of the other tenants of the shopping center are also required to comply with the terms and conditions' unquote, means complying with the terms and conditions of their respective leases.

The judgment order carries this bench ruling into effect; it states that the disputed language

> is construed to mean that the Complainant herein shall be required to make monthly additional rent payments in the form of common area maintenance charges and real estate taxes so long as at least ninety-five percent (95%) of the other tenants of the shopping center are also paying such common area maintenance charges and real estate taxes pursuant to the terms and conditions set forth in their respective leases.

Great Falls makes two assignments of error: (1) that the trial court erred when it searched beyond the specific language used by the parties to express their agreement by considering circumstances surrounding the negotiation and execution of the lease; and (2) that the trial court erred when it selectively construed and interpreted only part of the provision and failed to address all the relevant language.

The basic principles are these: Where language is unambiguous, it is inappropriate to resort to extrinsic evidence; an unambiguous document should be given its plain meaning. *See Ross v. Craw*, 231 Va. 206, 212, 343 S.E.2d 312, 316 (1986); *cf. Southwest Virginia Hospitals v. Lipps*, 193 Va. 191, 204, 68 S.E.2d 82, 90 (1951). In *Wilson v. Holyfield*, 227 Va. 184, 313 S.E.2d 396 (1984), we wrote as follows:

> It is the function of the court to construe the contract made by the parties, not to make a contract for them. The question for the court is what did the parties agree to as evidenced by their contract. The guiding light in the construction of a contract is the intention of the parties as expressed

by them in the words they have used, and *courts are bound to say that the parties intended what the written instrument plainly declares.*

*Id.* at 187, 313 S.E.2d at 398 (emphasis added) (quoting *Meade v. Wallen*, 226 Va. 465, 467, 311 S.E.2d 103, 104 (1984); *Magann Corp.* v. *Electrical Works*, 203 Va. 259, 264, 123 S.E.2d 377, 381 (1962)). We stated further in *Wilson* that "courts cannot read into contracts language which will add to or take away from the meaning of the words already contained therein." 227 Va. at 187, 313 S.E.2d at 398.

■ In our opinion, it was error for the trial court to consider extrinsic evidence. The parties agreed that the language is unambiguous. The trial court did not rule otherwise. In this situation, the language should have been construed based on what is contained within the four corners of the lease.

We disagree with the trial court's conclusion that the disputed language should be construed to mean that Great Falls is bound to pay CAM expenses and real estate taxes so long as ninety-five percent of the other tenants comply with the pertinent provisions in their own leases. Neither the trial court's construction nor any argument advanced by South Lakes gives meaning or effect to the words "as herein provided." In its bench ruling, the trial court simply placed that phrase to one side. It did not explain the phrase; it made its ruling "notwithstanding" that phrase. In our view, the trial court did not give effect to what the contract plainly declared.

■ When the language is read as a whole, its plain meaning is as Great Falls urges. The phrase "as herein provided" cannot fairly be read to refer to anything other than what is provided in Great Falls' CAM provision and in Great Falls' real estate tax provision. The effect of the trial court's construction was to read the phrase "as herein provided" as if it read "as provided in the leases of the other tenants." The trial court had no authority thus to rewrite the lease. The language means what it says: Great Falls is required to pay CAM expenses and real estates taxes under its lease only so long as at least ninety-five percent of the other tenants comply with provisions substantially the same as those contained in Great Falls' lease.

In oral argument, South Lakes' counsel admitted that CAM and real estate tax provisions are subject to negotiation and are

the type of provisions that landlords use for bargaining purposes in seeking tenants. On brief, South Lakes admitted that the provision in question was the subject of negotiation "to protect Great Falls Hardware from paying more than its fair share of common area maintenance and real estate tax expenses at the South Lakes Village Shopping Center." The brief goes on to say that the typewritten language was designed to satisfy Great Falls' concerns. The construction we have placed upon this language allows it to operate exactly as it was meant to operate.

For all the foregoing reasons, the judgment of the trial court will be reversed and the case remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*