## MASSACHUSETTS PORT AUTHORITY vs. JOHNSON CONTROLS, INC.[1]

No. 00-P-105.

Suffolk. December 13, 2001. - April 22, 2002.

Present: PORADA, GILLERMAN, & GRASSO, JJ.

*Indemnity. Contract,* Indemnity, Condition precedent. *Notice. Words,* "Reasonable notice."

This court, in construing an indemnification provision contained in a skilled trade agreement between the Massachusetts Port Authority (Massport) and the defendant contractor, concluded that the giving of reasonable notice by Massport was not a condition precedent to trigger the contractor's indemnification obligation, where the parties, both business entities experienced in negotiating contracts, failed to include in the agreement any language or other clear indication to that effect. [544]

Where an indemnification provision in a skilled trade agreement required the Massachusetts Port Authority (Massport) to give "reasonable notice" to the defendant contractor of certain claims brought against Massport, the notice provided by Massport, given over two years after Massport received notice of the claim and over two years after suit was commenced, was untimely; consequently, in the absence of language in the agreement bifurcating the contractor's indemnification obligation, the contractor was not liable for legal expenses incurred by Massport either before or after the date of the notice. [544-546]

CIVIL ACTION commenced in the Superior Court Department on July 6, 1993.

A third-party complaint, filed on January 24, 1996, was heard by *Margaret R. Hinkle,* J., and a motion for modification was heard by her.

*Stephen M.A. Woodworth* for the defendant.

---

[1]This is a third-party action. As described in the body of the opinion, the case began as a negligence claim brought by Sylvia S. Pierce, as administratrix of the estate of James Pierce, against the Massachusetts Port Authority and the Division of Capital Planning and Operations (Division).

*Christopher A. Kenney* for the plaintiff.

PORADA, J. At issue is the enforceability of an indemnification agreement between Massachusetts Port Authority (Massport) and Johnson Controls, Inc. (Johnson), in a skilled trade contract. Johnson contends that the agreement is invalid because Massport failed to comply with the notice provisions of the contract and, alternatively, that it violates G. L. c. 149, § 29C,[2] thus exempting Johnson from any liability under the agreement. A Superior Court judge determined that the indemnity agreement was valid but that Johnson was only liable for legal expenses incurred by Massport after it gave notice to Johnson of the underlying personal injury claim. Although we agree with the judge that the indemnity provision is valid, we reverse the judgment awarding reasonable legal fees to Massport on the ground that Massport failed to give reasonable notice of the underlying claim to Johnson in compliance with the terms of the agreement.

We summarize the pertinent facts and procedural history. Massport provided building management services for the State Transportation Building (building) at Ten Park Plaza in Boston. Massport entered into a contract drafted by Massport with Johnson under which Johnson agreed to provide skilled trade maintenance for the building. Article V, section B, of the contract included the following indemnification provision:

> "In addition, to the extent that Building Manager [Massport] or the Division [Commonwealth of Massachusetts Division of Capital Planning and Operations] is not held fully harmless by proceeds of liability insurance carried by Contractor [Johnson], Contractor will defend, indemnify, and hold harmless Building Manager and/or the Division from and against all claims, causes of action, suits, losses, damages, liabilities and expenses including, but in no way limited to, cost of suit and attorneys' fees arising out of or in any way related to Contractor's operations and/or Contractor's failure to perform any or all of the covenants

[2]General Laws c. 149, § 29C, as appearing in St. 1986, c. 557, § 135, provides in pertinent part as follows: "Any provision for or in connection with a contract for . . . maintenance work . . . which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void."

of this Contract under any circumstances except when caused by Building Manager's or Division's sole negligence or by the joint negligence of the Building Manager or Division and any person other than Contractor. Building Manager shall give Contractor reasonable notice of any claim made or suit instituted against Building Manager or Division which in any way would result in a claim of indemnification hereunder. Contractor shall have the right to compromise or participate in the defense of the same to the extent of its own interests." Article V, B.

On May 27, 1992, James Pierce, an employee of Johnson, was injured while doing maintenance on the building. On March 5, 1993, Pierce sent a letter to Massport demanding compensation for his injuries based on Massport's alleged negligence. This letter was received by Massport on March 10, 1993. Pierce sued Massport for negligence in July, 1993. The Division was added as a party defendant in February, 1995. By letter dated November 17, 1995, Massport requested a defense and indemnity of Pierce's claim from Johnson and its liability insurer under the indemnity provision of Massport's contract with Johnson. Johnson and its insurer denied any obligation to defend or indemnify Massport against Pierce's claim. In December, 1995, Massport moved for leave to file a third-party complaint against Johnson for indemnification, contribution, and breach of contract. The motion was allowed in January, 1996, and Johnson became a third-party defendant on February 22, 1996. By letter dated September 9, 1996, Johnson and its insurer agreed to assume Massport's defense in Pierce's action but with a reservation of rights as to whether they had a duty to indemnify Massport against Pierce's claim. Pierce's claims against Massport and the Division were tried before a jury in March, 1997. Johnson provided the defense for Massport, the Division, and Johnson at the trial. The jury found no negligence on the part of Massport, the Division, or Johnson. Thereafter, Massport sought recovery of attorneys' fees it had incurred up until the time Johnson took over the defense on September 9, 1996, and the legal fees and expenses incurred in enforcing the indemnity agreement against Johnson. A Superior Court judge determined that Johnson was liable for all reasonable legal fees incurred by Massport in defense of its claim from November

17, 1995, the date that it first gave notice of Pierce's claim to Johnson, until September 10, 1996, the date that Johnson assumed control of the defense. Upon Massport's motion to modify the judgment, the judge subsequently determined that Massport was also entitled to reimbursement of its legal fees incurred in this action. Under an amended judgment, the judge ordered Johnson to pay Massport's reasonable legal fees from November 17, 1995, until November 24, 1998, the date of the trial of this action.

Indemnity provisions "are to be fairly and reasonably construed to ascertain the intention of the parties and to effectuate the purpose sought to be accomplished." *Urban Inv. & Dev. Co.* v. *Turner Constr. Co.*, 35 Mass. App. Ct. 100, 107 (1993). Johnson argues it was clearly the intent of the parties that the giving of reasonable notice of a claim for which indemnification could be sought was a condition precedent to triggering Johnson's obligation to indemnify, and since Massport failed to do so, Johnson has no obligation to indemnify Massport. We reject Johnson's argument that the giving of reasonable notice was a condition precedent to trigger Johnson's indemnification obligation. As noted by the trial judge, the parties were two business entities experienced in negotiating contracts. As such, if the parties intended that the giving of notice was a condition precedent to trigger the indemnification provision, they could easily have drafted contract language to so provide, through the use of words such as "on condition that," "provided that," or "if." *Cheschi* v. *Boston Edison Co.*, 39 Mass. App. Ct. 133, 142 (1995). In the absence of language usually employed to create a contingency or any clear indication in the contract as a whole that the parties intended that the giving of notice was a condition precedent to the performance of Johnson's obligation to indemnify, we conclude that the giving of reasonable notice was not a condition precedent.

Nevertheless, the notice provision was part of the mutual exchanges of promises by Massport and Johnson under the contract. As a material provision of the contract, Massport was required to give Johnson reasonable notice of Pierce's claim. It is undisputed that Massport did not give notice of Pierce's claim until November 17, 1995, approximately two years and

eight months after it received notice of the claim. Johnson argues that the notice was, thus, not reasonable because it was untimely. Notwithstanding this time lag between the notice of Pierce's claim to Massport and the giving of notice of Pierce's claim to Johnson, the judge did not find that the notice was unreasonable. The judge did not explain the basis for her conclusion.

The contract does not define "reasonable notice." Giving those words their ordinary meaning, "reasonable notice" must be considered to be such notice or information of a fact as may fairly and properly be expected or required in particular circumstances. The key to the determination of fair or expected notice is the object or purpose of the notice provision.

Ostensibly, the purpose of the notice provision is to allow the indemnitor the opportunity to protect its interests. See *Sarnafil, Inc.* v. *Peerless Ins. Co.,* 418 Mass. 295, 302 (1994). Where Johnson was required to defend and to indemnify Massport against "all claims, causes of action, suits, losses, damages, liabilities and expenses including, but in no way limited to, cost of suit and attorneys' fees" arising out of Johnson's actions or failure to perform under the skilled trade contract, the notice that Johnson could fairly expect or require was one that provided it with the ability to timely and adequately investigate any claim or cause of action that would expose Johnson to liability and to do so in the most cost effective way. See *id.* at 313. The notice that was given by Massport two years and eight months after Massport first received notice of the claim and over two years after suit was commenced does not, in our opinion, comport with the purpose of the notice provision to afford Johnson a meaningful and fair opportunity to protect its interests. Compare *Cochrane Roofing & Metal Co.* v. *Callahan,* 472 So. 2d 1005, 1008 (Ala. 1985) (indemnitee's notice to indemnitor of suit more than two years after indemnitee received notice of a claim against it was not reasonable notice); *Town of Fairfield* v. *D'Addario,* 149 Conn. 358, 361-363 (1962) (town's notice on January 22, 1956, to sewer contractor, who had agreed to indemnify town against liability, of action instituted on May 11, 1953, was not reasonable). While the trial judge implicitly recognized this to be the case in concluding that no liability

should be assessed against Johnson for legal expenses incurred by Massport prior to its notice to Johnson of Pierce's claim, she nevertheless drew a distinction between prenotice legal expenses (for which she did not hold Johnson liable) and postnotice legal expenses (for which she held Johnson liable). Absent plain language in the contract bifurcating Johnson's obligation of indemnity, we are of the opinion that its liability must rest solely on whether Massport's notice in the first instance was reasonable, namely whether it was fair and comported with the expectations of the parties in light of the object of the notice provision.[3] We conclude it did not and the judgment must be reversed.

In light of our conclusion that Johnson has no obligation to indemnify Massport under the indemnification provision at issue, we need not discuss at length Johnson's argument that the indemnity provision is void because it violates G. L. c. 149, § 29C. We simply note that the provision is similar in content to the provision at issue in *M. DeMatteo Constr. Co. v. A.C. Dellovade, Inc.,* 39 Mass. App. Ct. 1, 3-4 (1995), which we held was valid and did not offend § 29C.

*Judgment reversed.*

---

[3]Unlike a contract for a liability insurance policy, no prejudice or harm was required to be shown to relieve Johnson from its obligations under the indemnity provision once the notice was considered not reasonable. *Cheschi* v. *Boston Edison Co.,* 39 Mass. App. Ct. at 139-142.