DINNERWARE PLUS HOLDINGS, INC.,
a Delaware corporation, Plaintiff–
Appellant and Cross–Appellee,

v.

SILVERTHORNE FACTORY STORES,
LLC, a Colorado limited liability compa-
ny, Defendant–Appellee and Cross–Ap-
pellant.

No. 03CA1577.

Colorado Court of Appeals,
Division III.

Dec. 16, 2004.

Certiorari Denied March 21, 2005.

Senn Visciano Kirschenbaum Merrick P.C., Mark D. Gruskin, Luis A. Toro, Denver, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Hutchinson Black and Cook, LLC, William D. Meyer, Boulder, Colorado, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge VOGT.

In this dispute between parties to a commercial lease, plaintiff, Dinnerware Plus Holdings, Inc. (tenant), appeals the trial court judgment in favor of defendant, Silverthorne Factory Stores LLC (landlord). Landlord cross-appeals. We affirm in part and reverse in part.

In 1993, the predecessors of tenant and landlord entered into a ten-year lease agreement for retail space for a Mikasa store in the Silverthorne Factory Stores Outlet Center. The lease required the tenant to pay fixed monthly rent of $9,375. The tenant also agreed to pay promotional fund fees and additional rent, consisting of a fractional share of the real estate taxes, insurance, and common area maintenance (collectively, "pass-through charges"), provided that all other tenants in the shopping center were similarly obligated.

In 1996, the lease was modified to state that, as long as the tenant was not in default, the tenant's rent would be three percent of its gross monthly sales rather than the fixed rent called for in the original lease.

In late 1999, a dispute arose between the parties regarding tenant's obligation to pay pass-through charges. Starting in February 2000, tenant began withholding payment of the pass-through charges until landlord demonstrated that other tenants were similarly obligated. Landlord then demanded payment not only of unpaid pass-through charges but also of fixed monthly rent in accordance with the original lease.

Tenant then filed this action, seeking a declaration that its monthly rent was the percentage rent set forth in the 1996 modification and that it was not obligated to pay any pass-through charges "unless and until all other Lessees occupying space within the Center are similarly obligated." Landlord counterclaimed, seeking a declaration that the 1996 modification did not abate tenant's obligation to pay fixed monthly rent, that tenant was also obligated to pay the pass-through charges, and that tenant's failure to do so constituted an event of default under the lease. Landlord also sought judgment for the unpaid fixed rent and pass-through charges. Shortly thereafter, landlord filed a forcible entry and detainer (FED) action against tenant, and the two cases were consolidated.

Following a bench trial, the trial court concluded, as relevant here, that (1) the lease provisions requiring that other tenants be "similarly obligated" were promises, not conditions precedent whose nonoccurrence would relieve tenant of its obligation to pay the pass-through charges; (2) landlord was thus entitled to judgment for the amount of unpaid pass-through charges; (3) the 1996 modification remained in effect and, therefore, tenant did not owe fixed rent under the original lease; (4) the FED action would be dismissed for failure to comply with the notice requirements of the lease; and (5) tenant, as the prevailing party in the FED action, was entitled to attorney fees and costs pursuant to §§ 13–40–116 and 13–40–123, C.R.S.2004.

## I. *Appeal*

Tenant contends the trial court erred in construing the prefatory "provided that" language of the lease provisions concerning pass-through charges as a promise by landlord, rather than a condition precedent to landlord's right to collect pass-through charges. We agree.

Interpretation of a lease presents a question of law that we review de novo. *See Main Electric, Ltd. v. Printz Services Corp.*, 980 P.2d 522 (Colo.1999); *Bain v. Pioneer Plaza Shopping Center Limited Liability Co.*, 894 P.2d 47 (Colo.App.1995).

Like other contracts, leases are to be construed to give effect to the intent of

the parties. To determine intent, we construe the lease as a whole, giving effect to every provision if possible, and relying on a plain understanding of the words used. *See In re Water Rights of Town of Estes Park,* 677 P.2d 320 (Colo.1984); *Bain v. Pioneer Plaza Shopping Center Limited Liability Co., supra.*

■ An unambiguous provision of a lease will generally be enforced as written. *Kunz v. Cycles West, Inc.,* 969 P.2d 781 (Colo.App. 1998).

### A.

■ The lease at issue in this case included, as relevant here, the following provisions regarding payment of pass-through charges:

¶ 4(D): *Taxes, Insurance, Repairs, and Common Area Maintenance. Provided that all other Lessees* occupying space within the shopping center *are similarly obligated,* in addition to the minimum Fixed Rent to be paid by Lessee, Lessee covenants and agrees to pay the Lessor as Additional Rent an amount equal to a fraction of the "Real Estate Taxes," the "Repair and Common Area Maintenance" and the "Lessor Insurance." ...

¶ 36(A): *Promotional Fund. Provided all other retail tenants* of Lessor within the Shopping Center *are similarly obligated,* Lessee shall pay, as Additional Rent, an annual Promotional Fund Fee in an amount equal to Two and 25/100 Dollars ($2.25) multiplied by the square footage of the Premises ....

(Emphasis added.)

The trial court construed the phrase "similarly obligated" in paragraphs 4(D) and 36(A) to mean "obligated in comparable or corresponding amounts." It then found, based on the evidence, that the other shopping center tenants were not all "similarly obligated" for the pass-through charges. Landlord does not challenge that construction or that finding on appeal.

Noting that the parties agreed the language of the disputed phrase was unambiguous but differed as to its legal effect, the trial court then proceeded to address whether the language created a condition precedent to

tenant's obligation to pay, as tenant argued, or represented a promise, as landlord argued. After reviewing case law regarding conditions and promises, the court concluded:

[T]he "provided all other tenants are similarly obligated" language represented a promise by the landlord that the other tenants would be similarly obligated, but was not a condition precedent to [tenant's] obligation to pay the pass-throughs. Therefore, even though the landlord has not [met] its obligation to show that the other [tenants] were "similarly obligated" ... [tenant] was not relieved of its obligation to pay those fees; rather the remedy would be an action for damages for that breach of promise.... In this case [tenant] has not alleged any such damage.

### B.

■ Because they create a risk of forfeiture if they do not occur, conditions precedent are not favored and will not be given effect unless established by clear and unequivocal language. If there is any doubt as to the parties' intention, a contract clause is to be interpreted as a promise rather than a condition, so as to avoid the harsh results of forfeiture against a party who has no control over the occurrence of the condition. *Main Electric, Ltd. v. Printz Services Corp., supra; see also Charles Ilfeld Co. v. Taylor,* 156 Colo. 204, 397 P.2d 748 (1964).

Unlike the trial court, we interpret the "provided that all other tenants are similarly obligated" language as unambiguously creating a condition precedent to tenant's obligation to pay pass-through charges. Therefore, because the parties' intent is established by clear and unequivocal language, and because the case does not implicate the "policy of avoiding the harsh results of forfeiture against a party who has no control over the occurrence of the condition," *see Main Electric, Ltd. v. Printz Services Corp., supra,* 980 P.2d at 526, we do not apply the rule requiring interpretation of such clauses as promises where there is doubt as to the parties' intention.

"Provided that" is generally understood as expressing a condition. *See Webster's Third*

*New International Dictionary* 1827 (1976) (*provided:* "on condition that: with the understanding: if only"); *Random House Webster's College Dictionary* 1087 (1991) (*provided:* "on the condition or understanding (that); providing"); *Black's Law Dictionary* 1240 (7th ed.1999) (*provided:* "on the condition or understanding (that)").

Consistent with the plain meaning of "provided that," courts in other jurisdictions have recognized that use of that phrase will generally create a condition precedent. *See Massachusetts Port Authority v. Johnson Controls, Inc.,* 54 Mass.App.Ct. 541, 766 N.E.2d 542, 544 (2002)(rejecting argument that parties to business contract intended giving of notice as condition precedent to indemnification obligation, and observing that, if parties had so intended, "they could easily have drafted contract language to so provide, through the use of words such as 'on condition that,' 'provided that,' or 'if' "); *Cal–Tex Lumber Co. v. Owens Handle Co.,* 989 S.W.2d 802, 809 (Tex.App.1999)("[s]uch terms as 'if,' 'provided that,' 'on condition that' or some similar phrase of conditional language are normally required to create a condition precedent"); *see* Restatement (Second) of Contracts § 226 cmt. a (2004)("No particular form of language is necessary to make an event a condition, although such words as 'on condition that,' 'provided that' and 'if' are often used for this purpose."); *see also Great Falls Hardware Co. v. South Lakes Village Center Associates, Limited Partnership,* 238 Va. 123, 380 S.E.2d 642, 643 (1989)(under lease provision requiring tenant to pay common expenses "only so long as at least ninety-five percent" of other shopping center tenants were also so required, tenant was relieved from paying such expenses unless ninety-five percent of other tenants did so).

In concluding that the "provided that" language did not create a condition precedent here, the trial court relied on *Main Electric, Ltd. v. Printz Services Corp., supra.* In that case, the Colorado Supreme Court construed language in a construction contract stating that the subcontractor would be paid "provided like payment shall have been made by owner to contractor." The court held the language to be "insufficient to constitute a condition precedent that results in shifting the risk of the owner's nonpayment from the general contractor to the subcontractor." *Main Electric, Ltd., supra,* 980 P.2d at 524.

We do not read *Main Electric* as mandating a departure, under the facts of this case, from the general understanding of "provided" or "provided that" as creating a condition precedent.

In finding that the quoted language created a "pay-when-paid" clause rather than a "pay-if-paid" clause, the *Main Electric* court emphasized that construing the provision as creating a condition precedent would mean that "the subcontractor will forfeit payment for work performed due to the occurrence of a condition—the owner's insolvency—over which the subcontractor has no control." *Main Electric, Ltd., supra,* 980 P.2d at 527.

The court's reasoning in *Main Electric* is consistent with the principle that the determination whether an event is a condition precedent may depend on whether its occurrence or nonoccurrence is a matter within the obligee's control. *See* Restatement, *supra,* § 227(1) ("In resolving doubts as to whether an event is made a condition of an obligor's duty, and as to the nature of such an event, an interpretation is preferred that will reduce the obligee's risk of forfeiture, *unless the event is within the obligee's control or the circumstances indicate that he has assumed the risk* ")(emphasis added). Comment b to Restatement § 227 goes on to explain that, if the event at issue is a condition, the obligee takes the risk that its nonoccurrence will discharge the obligor's duty, and that: "If the event is within [the obligee's] control, he will often assume this risk. If it is not within his control, it is sufficiently unusual for him to assume the risk that, in case of doubt, an interpretation is preferred under which the event is not a condition."

Here, whether other tenants in the shopping center would be "similarly obligated" for pass-through charges was within landlord's control—in contrast to the situation presented in *Main Electric,* where the subcontractor had no control over whether the owner would pay the contractor. In light of this circumstance, and given the generally

accepted meaning of "provided that" as creating a condition precedent, we construe the lease provision here as creating a condition precedent to tenant's obligation to pay pass-through charges. Thus, because it is undisputed that the condition precedent did not occur, tenant was not obligated to pay the pass-through charges claimed by landlord.

We also note that, contrary to landlord's argument, construing the language at issue here as a condition precedent does not result in an absurdity or permit tenant to occupy its space "rent free." Tenant remains obligated for the percentage rent set forth in the 1996 lease modification, and it will also be obligated for pass-through charges upon a showing by landlord that other tenants are similarly obligated.

## II. Cross–Appeal

 On cross-appeal, landlord contends that the trial court erred in dismissing its FED action on the basis that landlord had failed to provide proper notice and an opportunity to cure, as required by the lease. In light of our resolution of tenant's contention on appeal, we need not address the merits of landlord's arguments.

The event of default on which the FED action was based was tenant's asserted failure to pay pass-through charges and fixed rent as provided in the original lease. However, as set forth above, tenant was not obligated to pay pass-through charges. Failure to do so was thus not an event of default under the lease. Additionally, because tenant was not in default, it was entitled to pay the percentage rent as provided in the 1996 modification rather than the fixed rent set forth in the original lease; and, on appeal, landlord does not otherwise challenge the trial court's conclusion upholding the validity of the 1996 modification.

Thus, because tenant was not in default under the lease, there was no factual basis for an FED action premised on such default, and dismissal of the FED action was proper. *See Sohocki v. Colorado Air Quality Control Comm'n,* 12 P.3d 274 (Colo.App.1999)(appellate court may affirm correct judgment on reasoning different from that relied on by trial court).

 Further, because tenant prevailed in the FED action, it was properly awarded its reasonable attorney fees and costs pursuant to §§ 13–40–116 and 13–40–123.

The judgment in favor of landlord for pass-through charges is reversed. In all other respects, the judgment is affirmed.

Judge TAUBMAN and Judge PICCONE concur.