■■■ NATIONAL FUEL GAS DISTRIBUTION CORPORATION, Respondent-Appellant, v HARTFORD FIRE INSURANCE COMPANY, Appellant-Respondent, et al., Defendants. (Appeal No. 1.) [814 NYS2d 436]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered September 12, 2005. The order, among other things, denied the cross motion of defendant Hartford Fire Insurance Company for summary judgment and granted in part the cross motion of plaintiff for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion of defendant Hartford Fire Insurance Company and dismissing the first and second causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover on a $3.8 million surety bond issued by Hartford Fire Insurance Company (defendant) to guarantee the payment obligations of a now bankrupt entity, Iroquois Energy Management, LLC (Iroquois), under a service agreement entered into between Iroquois and plaintiff. In appeal No. 2, defendant appeals from that part of an order granting in part plaintiff's motion to compel disclosure by defendant and, in appeal No. 1, defendant appeals and plaintiff cross-appeals from a subsequent order denying defendant's cross motion for summary judgment dismissing the first and second causes of action and granting in part plaintiff's cross motion for partial summary judgment. We address only the order in appeal No. 1 because, in view of our decision therein, defendant's appeal from the order in appeal No. 2 is moot. We modify the order in appeal No. 1 by granting defendant's cross motion and dismissing the first and second causes of action of the second amended complaint.

We conclude that the notice requirement set forth in paragraph or proviso 4 of the bond creates a condition precedent to defendant's obligation and plaintiff's recovery under the bond. The notice requirement follows the word "PROVIDED," which indicates the creation of a condition (*see* Calamari and Perillo, Contracts § 11.10, at 422 [5th ed], citing Restatement [Second] of Contracts § 226, Comment *a; see also Dinnerware Plus Holdings, Inc. v Silverthorne Factory Stores, LLC*, 128 P3d 245, 248 [Colo App 2004]; *Massachusetts Port Auth. v Johnson Controls*, 54 Mass App Ct 541, 544, 766 NE2d 542, 544 [2002]; *Cal-Tex Lbr. Co., Inc. v Owens Handle Co., Inc.*, 989 SW2d 802, 809 [1999] [Tex App]; *see generally* Black's Law Dictionary 1261 [8th ed 2004]). In addition, the notice requirement is listed among a number of other conditions for recovery under the bond. Under the circumstances, we conclude that the notice requirement is an express condition that "must be literally performed" or satisfied before defendant "is obliged to perform" its obligations under the bond (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995]). We are mindful of the "interpretative preference" favoring construction of contractual "language as embodying a promise or constructive condition rather than an express condition . . . especially . . . when a finding of express condition would increase the risk of forfeiture by the obligee" (*id.* at 691, citing Restatement [Second] of Contracts § 227 [1]). We note, however, that such "interpretative preference" "cannot be employed if 'the occurrence of the event as a condition is expressed in unmistakable language' " (*id.*, quoting Restatement [Second] of Contracts § 229, Comment *a*, at 185), or where "the event is within the obligee's control or the circumstances indicate that [it] has assumed the risk" (Restatement [Second] of Contracts § 227 [1]). Here, the requirement that plaintiff provide notice, as specified by the bond, was entirely within its control. Moreover, the language requiring notice may not be construed as a covenant or promise inasmuch as plaintiff is not a signatory to the bond and therefore made no promises thereunder.

We conclude as a matter of law that plaintiff failed to comply with the requirement that it "notify [defendant] in writing within five (5) business days if [Iroquois] is in default, partially or in full, and that [plaintiff] has made a determination to grant an extension of time for payment by [Iroquois]." The record establishes as a matter of law that, from April 2000 on, Iroquois was continually in default on its obligations to plaintiff and that plaintiff continually extended Iroquois's time for payment, but that plaintiff did not provide notice of default and extension of time for payment until August 1, 2000. As a matter of law,

plaintiff's failure to comply with the condition in a timely manner defeats plaintiff's right to recover on the bond (*see 153 Hudson Dev., LLC v DiNunno*, 8 AD3d 77, 78 [2004]; *see generally Marcantonio v Rousso*, 257 AD2d 650, 651 [1999]). Finally, we conclude that there is no support in the record for plaintiff's contention that the performance of the condition, which existed for defendant's benefit, was waived or excused by defendant (*see generally W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *New York Cent. Mut. Fire Ins. Co. v Danaher*, 290 AD2d 783, 784-785 [2002]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ. [*See* 11 Misc 3d 1058(A), 2005 NY Slip Op 52274(U) (2005).]