# CIRCUIT COURT OF SURRY COUNTY

Susan West Norris

v.

Joseph Ashton Little *et al.*

September 30, 2015

Case No. CL 14-074

By Judge Nathan C. Lee

The issue before this Court is whether Plaintiff is the owner of a one-eighth interest in a piece of real estate.

*Facts*

Ashton Little ("Mr. Little") acquired a tract of land in Surry County, Virginia, by deed dated May 12, 1955. Prior to his death on September 1, 1980, Mr. Little conveyed two parcels of the land to third parties. In Mr. Little's Last Will and Testament, dated December 11, 1975, he devised an undivided one-half interest in the remaining property to his daughter, Bonnie Sue L. Howell, and her husband, Maurice D. Howell, an undivided one-fourth interest to his daughter, Loretta Dawn L. Nurney, and an undivided one-fourth interest to his son, James Ashton Little, all subject to the life estate of Mr. Little's wife, Cordelia B. Little.

The Will does not mention Plaintiff, Susan West Norris, who married James Ashton Little on February 17, 1973, nearly three years before the Will was executed. James Ashton Little and Plaintiff subsequently divorced on June 17, 1993. Prior to the divorce, James Ashton Little and Plaintiff entered into a Stipulation and Agreement (the "Agreement"), dated March 17, 1993. The Agreement states:

> 6. The parties' one-fourth (1/4) undivided interest in that certain farm located at Route 2, Box 117, Ivor, Virginia 23883, shall be divided equally with each party to receive one-eighth (1/8) of the proceeds upon sale of the subject property with Husband and Wife hereby agreeing upon the orderly sale of same as soon as practicable.

James Ashton Little died intestate on January 21, 2008, without a spouse, and is survived only by the three children born of his marriage with Plaintiff: Joseph Ashton Little, Daryl Andrew Little, and Dolly Anne Little ("Defendants"). The subject property has never been sold. Plaintiff now seeks to have an Order entered declaring her the owner of a one-eighth undivided interest in the real estate and to have a Special Commissioner appointed to execute a deed of that interest to Plaintiff. Defendants argue Plaintiff is not entitled to any interest in the disputed land because the land passed to them immediately upon their father's death.

## Discussion

Unless an agreement clearly indicates otherwise, property settlement agreements survive the death of one of the parties to the agreement. Therefore, in this case, the Agreement granting each party to the divorce the right to one-eighth of the proceeds from the sale of the subject property is binding on the decedent's heirs. However, under the clear terms of the Agreement and the laws of intestate succession, at this time, Plaintiff is not entitled to a one-eighth interest in the subject property because the one-fourth undivided interest in the subject property passed to the decedent's heirs upon their father's death. Because the subject property has not yet been sold, the terms of the Agreement have not been triggered and Plaintiff has no enforceable right against the Defendants at this time.

The Will grants the decedent alone a one-fourth undivided interest in the subject property. The contract clause granting Plaintiff one-eighth of the proceeds from the sale of the subject property is found in the Agreement entered between Plaintiff and the decedent upon their divorce. There has been no evidence that a deed or any other document was ever recorded among the land records of Surry County to evidence Plaintiff shared the undivided one-fourth interest in the subject property itself with the decedent. Therefore, the clause in the Agreement to give Plaintiff a portion of the proceeds from the sale of the property is a contract term and will be interpreted under well-established rules of contract interpretation in Virginia.

The Virginia Supreme Court considered a similar situation in *Higgins v. McFarland,* 196 Va. 889, 86 S.E.2d 168 (1955). In *Higgins,* a former spouse brought a lawsuit against the decedent's widow to enforce a right set forth in a property settlement agreement. There, the defendants argued the former wife's rights under the property settlement agreement were extinguished upon the former husband's death. The Court in *Higgins* disagreed, stating the lawsuit was not based on the contract itself, but on the decree of divorce confirming and approving it. The Court held that the contractual rights in the agreement survived the husband's death, reasoning that, because the agreement had been incorporated into the final decree of divorce, the former wife was vested with the property rights therein "by

virtue of the judicial sanction and determination of the court, and not by the act of the parties laying the agreement before it." *Id.* at 895, 86 S.E.2d at 172.

In the instant case, the Agreement was entered into freely and voluntarily by Plaintiff and the decedent and was subsequently approved and incorporated into the final divorce decree by this Court. As such, Plaintiff's right to equally divide and receive one-eighth of the proceeds upon the sale of the subject property became a vested right that survived the decedent's death. The decedent accepted all the benefits of the contract and complied with its terms during his life. Thus, similar to the Court in *Higgins,* this Court finds the decedent's heirs have no right to attack the validity of the decree in this lawsuit brought to enforce that part of the agreement remaining unexecuted. Therefore, the Defendants will be bound by the terms of the Agreement as applicable.

In construing a contract, a Virginia court must determine whether the contract's terms are ambiguous. *Smith v. Smith,* 3 Va. App. 510, 513, 351 S.E.2d 593 (1986). Where there is no ambiguity, a court must construe the contract terms as written. *Berry v. Klinger,* 225 Va. 201, 208, 300 S.E.2d 792 (1983).Where the parties' intent is evident from the words they have chosen, the court is bound to give full effect to what the written instrument plainly declares. *Great Falls Hardware Co. v. South Lakes Village Center Associates,* 238 Va. 123, 125-26, 380 S.E.2d 642 (1989).

This Court finds that the disputed contract provision in the instant case is not ambiguous as a matter of law. The Agreement's language clearly grants both the decedent and Plaintiff an equal portion of the proceeds from the sale of the subject property amounting to one-eighth of the total proceeds, at such a time in the future as the property is sold. The disputed clause mistakenly identifies the decedent's undivided one-fourth interest in the subject property as being the undivided interest of both Plaintiff and the decedent. In reality, the decedent alone owned the one-fourth undivided interest as a devisee under the Will, as evidenced by the recorded land records of Surry County and the Will, and that interest passed to his heirs upon his death according to the laws of intestate succession.

Regardless, under the terms of the contract, the disputed clause clearly states, and the decedent clearly agreed when he entered the Agreement, that Plaintiff shall be entitled to one-eighth of the proceeds upon the sale of the subject property, and that right vested at the decedent's death. However, this Court finds that Plaintiff is not entitled to a one-eighth undivided interest in the property itself and the attendant rights to use the property, as that clearly was not the intent of the Agreement. Thus Plaintiff has no enforceable interest in the subject property at this time.

The Defendants also argue that Plaintiff sat on her rights by not enforcing the sale of the subject property within the last 23 years. However, this Court finds the provision in the Agreement stating that the decedent and Plaintiff

would sell the subject property "as soon as practicable" was invalid under the terms of the Will, and thus Plaintiff did not sit on her rights by waiting to bring her claim now.

The Will states that Mr. Little's daughter and her husband had the option to buy the other two siblings' combined one-half interest in the property also devised in the Will. If the daughter and her husband chose to buy those shares devised to the other daughter and the decedent, the children were directed to agree to a fair market price for the real estate. If the siblings could not agree on a fair market value, the children were to appoint an appraiser, at which point, the daughter and her husband would pay that amount for the one-half undivided interest in the property. If, however, the daughter and her husband chose not to buy the other siblings' interest at the appraised value, the real estate was to be sold at auction, and the net proceeds were to be divided one-half to daughter and her husband, one-fourth to the other daughter, and one-fourth to the decedent.

The decedent and Plaintiff subsequently entered into the Agreement to divide the decedent's portion of the proceeds when the property was sold, and agreed they would affect the sale of the real estate as soon as practicable. However, they could not agree to sell the property without the consent of the other siblings because the decedent's interest under the Will was an undivided interest in the real estate that he shared with his siblings. Additionally, under the terms of the Will, the decision to sell the property is at the sole discretion of Mr. Little's daughter and her husband. Thus, the provision in the Agreement stating the decedent and Plaintiff would sell the property "as soon as practicable" should be stricken, and Plaintiff's failure to enforce the sale before now is of no consequence in the instant case.

Therefore, because the property has not yet been sold, the one-fourth interest in the property itself remains with the decedent's heirs according to the rules of intestate succession. When the property is sold, the Agreement should be enforced and the proceeds from the sale should be equally divided, with the Plaintiff to receive one-eighth of the proceeds. The final Order should be recorded with the land records.

## Conclusion

Accordingly, for the reasons stated herein, the Defendants' Motion To Dismiss Plaintiff's Complaint for Declaratory Judgment is granted. The Plaintiff is not entitled to any interest in the subject property itself and the Court will not enter an order declaring that Plaintiff is the owner of a one-eighth interest in the subject property.