WPC Billboard Lender LLC v Bartkowski
2026 NY Slip Op 02951
May 12, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

WPC Billboard Lender LLC, Respondent,
v
Thaddeus J. Bartkowski, III, et al., Appellants.

Decided and Entered: May 12, 2026
Index No. 653700/23|Appeal No. 6578-6579-6580|Case No. 2025-00499, 2025-03682, 2025-04376|
Before: Renwick, P.J., Friedman, Kapnick, Pitt-Burke, O'Neill Levy, JJ.

Berkovitch & Bouskila, PLLC, Pomona (William C. Buzzini of counsel), for appellants.
Loeb & Loeb LLP, New York (Gil Feder of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered on December 23, 2024, which brings up for review an order of the same court and Justice, entered July 16, 2024, which, to the extent appealed from, granted the motion of plaintiff for summary judgment in lieu of complaint pursuant to CPLR 3213 for amounts owed by defendants under certain promissory notes and guaranties, unanimously affirmed, with costs. Order, same court and Justice, entered on June 3, 2025, which denied defendants' motion for an order directing the Clerk to enter a satisfaction of the aforesaid judgment, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on June 17, 2025, which denied defendants' motion for leave to reargue and renew the motion for an order directing the Clerk to enter a satisfaction of the aforesaid judgment, unanimously dismissed, without costs, as taken from a non-appealable paper to the extent it denied reargument and as abandoned to the extent it denied renewal.
Plaintiff satisfied its prima facie burden on its CPLR 3213 motion for summary judgment in lieu of complaint by demonstrating the existence of the guaranties and underlying debts, and defendants' failure to perform under the guaranties (see BBM3, LLC v Vosotas, 216 AD3d 403, 403-404 [1st Dept 2023]).
The motion court properly rejected defendants' position that RPAPL 1301 was a ground to deny plaintiff's motion. That section "prohibits a mortgage lender seeking repayment of a loan from simultaneously prosecuting an action at law to recover upon a promissory note and an action in equity to foreclose the mortgage" (Wells Fargo Bank Minn. v Cohn, 4 AD3d 189, 189 [1st Dept 2004]). However, RPAPL 1301 does not apply "where, as here, the property securing the loan is located outside of New York State" (id.; see Wells Fargo Bank, N.A. v Bajana, 228 AD3d 526, 527 [1st Dept 2024]). This is the case even though the parties in their loan documents agreed that New York law would govern any disputes arising from the agreements.
Similarly, RPAPL 1371 does not apply to out-of-state foreclosures and therefore does not provide a basis to deem the judgment against defendants satisfied upon the foreclosure sale of the properties (see Bajana at 527). Thus, defendants' motion seeking an order deeming the judgment satisfied because plaintiff failed to move for a deficiency judgment after the out-of-state properties were foreclosed upon and sold was also properly denied.
[*2]
The motion court also properly granted summary judgment in lieu of complaint as against defendant Bartkowski with respect to the subject guaranties. The guaranties explicitly stated that "provided that" the respective joinder agreements were delivered within nine months of the guaranty's delivery date, "then" Bartkowski would be released from his obligations under the guaranties. This language clearly indicated that timely delivery of the joinder agreements, which indisputably did not occur, was a condition precedent to release under the guaranties (see National Fuel Gas Distrib. Corp. v Hartford Fire Ins. Co., 28 AD3d 1169, 1170 [4th Dept 2006]; see also Starr Indemnity & Liability Company v Brightstar Corp., 388 F Supp 3d 304, 327 [SD NY 2019], affd 828 Fed Appx 84 [2d Cir 2020] [While "no particular words are necessary to create a condition, the words 'if' or 'provided,' as well as the phrases 'provided that,' 'on condition that,' 'in the event that' . . . usually connote an intent for a condition rather than a promise," quoting 13 Samuel Williston & Richard A. Lord, Williston on Contracts § 38:16 (4th ed. 1990, updated 2019)]). Because defendants did not timely deliver the joinder agreements, Bartkowski was not released from his obligations.
Bartkowski did not satisfy the condition precedent, therefore it is immaterial whether the non-occurrence of the condition precedent, which was "expressed in unmistakable language," would cause a disproportionate forfeiture (Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 691 [1995] [internal quotation marks omitted]). Rather, the terms of the guaranties, which were "negotiated between sophisticated, counseled business people negotiating at arm's length," should be enforced (Matter of Wallace v 600 Partners Co., 86 NY2d 543, 548 [1995] [internal quotation marks omitted]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2026